**HITT v. MORRIS et al.**

No. 4871.

Court of Civil Appeals of Texas. El Paso.
May 14, 1952.

Rehearing Denied June 18, 1952.

J. Lee Zumwalt, Burt Barr, both of Dallas, for appellant.

Lee Shipp, Dallas, for appellees.

McGILL, Justice.

This is an appeal from an order of the District Court of Dallas County, 95th Judicial District, appointing a receiver in a suit for an accounting between alleged partners. Appellees were plaintiffs, and appellant defendant in the trial court. Plaintiffs alleged that on or about July 1, 1950, plaintiff Morris became a partner with defendant Hitt for the purpose of practicing general public accounting under the firm name of Hitt & Morris; that plaintiff Kaiser became connected with such firm on or about February 12, 1951, as an associate member; that on or about July 1, 1951, plaintiffs entered into a new partnership agreement with defendant for the purpose of practicing general public accounting under the firm name of Hitt, Morris & Kaiser; that each partner was to have a drawing account of $500 per month and was to receive one-third of the profits; that plaintiffs and defendant were to share equally in the losses; that such business was conducted by plaintiffs and defendant and continued until on or about August 1, 1951, when the partnership was dissolved by mutual agreement; that at the time of its dissolution the partnership had certain assets and liabilities, the records thereof being in possession of defendant, but plaintiffs on information and belief attached what they alleged was a substantial balance sheet of the partnership which showed assets of $13,319.29, liabilities totaling $2,240 and capital accounts totaling $11,079.29, of which Hitt was entitled to $7,518.77, Morris to $2,-880.93 and Kaiser to $679.59; that the principal assets consisted of accounts receivable from various clients; that plaintiffs have been unable to agree with defendant as to participating in the collection of such accounts and payments of accounts payable, nor to secure an adjustment or accounting of partnership matters; that defendant had refused to give them an accounting or to allow them to participate in winding up the partnership business; that defendant was collecting the accounts receivable and applying same to his own use and benefit; that he had withdrawn $600 from the firm bank account and de-posited same in his own account; that it was probable that the assets and accounts would be lost to plaintiffs as defendant may not pay obligations of the firm or remit to plaintiffs their share of the accounts, and their interests in the assets and accounts receivable were in danger of being lost through dissipation by defendant; that the appointment of a receiver to collect the accounts receivable and disburse funds collected to the payment of obligations of the firm and pay over the balance to the plaintiffs was necessary. The prayer was for an accounting; that plaintiff Morris have judgment against defendant for at least $2,880.93, and that plaintiff Kaiser have judgment against defendant for at least $679.59; that a receiver be appointed with power to protect, preserve, save and operate the business, and for general relief. The petition was verified.

Defendant answered with special exceptions and general denial, and specially denied that there was ever any partnership existing between plaintiffs and defendant, and for affirmative relief alleged that prior to August 1, 1951, plaintiffs had been employed by defendant and he had terminated such employment on or about August 1, 1951; that upon termination of such employment plaintiffs formed a partnership and have called upon defendant's clients to solicit their business and demanded that they refuse to pay defendant the amounts owing to him by them and threatened such clients with suit if they did make payment and on account thereof defendant had not been able to collect the amounts due him in full; that he had collected about $350 which was in his possession in a separate account; that the conduct of plaintiffs had greatly damaged him to the extent of $10,000. He denied that plaintiffs and defendant were the owners of any funds or properties. He alleged that plaintiffs were attempting by calling on his clients to obtain their business in the future and cause them to withdraw their business from him. He prayed that plaintiffs take nothing and that their application for a receiver be denied and that an injunction issue pro-

hibiting plaintiffs from calling upon his clients and threatening them with lawsuits if they paid him the accounts due him. This answer was verified.

By supplemental petition plaintiffs inter alia entered a general denial to defendant's cross action. As above indicated, the court after a hearing appointed a receiver as prayed for. He denied defendant any relief on his application for an injunction.

Appellants points are in substance that the evidence established that appellees were employees of appellant and not partners, and that the properties belong to appellant only; that therefore the court erred in appointing a receiver and that the proof established that there had been no accounting between the parties and the ownership, if any, of appellees had not been determined, and the appointment of a receiver would greatly injure appellant, whereas an injunction would furnish all the relief to which appellees were entitled, and therefore the court erred in appointing a receiver.

We have carefully read the entire statement of facts and have reached the conclusion that the evidence is sufficient to support an implied finding that plaintiffs and defendants were partners. No useful purpose would be served in detailing the evidence. As said by Judge Phillips in Freeman v. Huttig Sash & Door Co., 105 Tex. 560, 153 S.W. 122, 124,

"Parties may intend no partnership and yet form one. Cothran v. Marmaduke [& Brown], 60 Tex. 370; Beecher v. Bush, 45 Mich. 188, 7 N.W. 785, 40 Am.Rep. 465."

However, that plaintiffs intended to form a partnership with defendant and thought they had done so on or about July 1, 1951, is attested by their testimony. The partnership certificates signed by defendant and plaintiffs and filed with the Merchantile National Bank at Dallas are we think strong evidence that defendant intended to form a partnership with plaintiffs; also the fact that the business was conducted under the name of all the parties and that bank accounts were opened in the name of Hitt & Morris, and Hitt, Morris and Kaiser, on which each of the parties was authorized to draw, is evidentiary of an intention of all parties that a partnership was intended. Even in the absence of such intention, paraphrasing from Freeman v. Huttig Sash & Door Co., supra, the result necessarily was the creation of a relation between Hitt and Morris in the one instance, and Hitt, Morris and Kaiser in the other as principals that amounted to an agreed joinder of their interests in a common enterprise, its prosecution for their joint account, and an ensuing right in each of them to share in the net returns as such. Morris and Kaiser ceased to be mere employees of Hitt when by a clearly implied agreement they devoted their energies to a common enterprise and Hitt recognized their right to an interest in the profits although he did not agree as to what their specific interest should be.

Art. 2293, Vernon's Ann.Civ.St., authorizes the appointment of receivers in certain cases. Section 1 provides as one ground for such appointment:

"In an action * * * between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

If under this statute the right to the appointment of a receiver exists, it is not dependent on the general rules of practice in courts of equity, Batchelor v. Pacific Finance Company, Tex.Civ.App., 202 S.W. 2d 857, and it cannot be attacked on the ground that it is harsh, and that plaintiff had an adequate remedy at law, or a less drastic remedy. Lipow v. Pacific Finance Company, Tex.Civ.App., 34 S.W.2d 658, 659.

Plaintiffs showed that defendant had refused to permit them to help liquidate the firm accounts and defendant claimed that all the property belonged to him and he had attempted to collect accounts receivable and

in fact had collected some $300. This was sufficient to bring the case within the terms of the statute.

The order appointing a receiver is affirmed.

PRICE, C. J., did not participate in the disposition of this case.