**J. T. CONWAY et al., Appellants,**

**v.**

**T. W. IRICK et ux., Appellees.**

**No. 16854.**

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 29, 1967.

Rehearing Denied Oct. 27, 1967.

Chester A. Oehler, Dallas, for appellants.

Gerald E. Stockard, Denton, for appellees.

## OPINION

MASSEY, Chief Justice.

This is an appeal from an order granting a temporary injunction. Antecedent to entry there was an order which granted a temporary restraining order, the fiat of which read: "It is accordingly ordered that the Clerk of this Court issue a temporary restraining order, operative until and pending the hearing below ordered, restraining and enjoining J. T. Conway and J. B. Conway * * * from entering upon a strip of land * * *."

As in the case of Riggins v. Thompson, 96 Tex. 154, 71 S.W. 14 (1902) the question presents itself, "under which of the rules respectively announced in the cases cited does the injunction under consideration fall? This is to be determined by the language of the judge's fiat. It is apparent from that language that the judge * * * considered that, since he was granting an injunction in a case which was triable and which was to be brought in another district, he was performing a very delicate duty, and that he proposed to go no further than was necessary to protect the rights of the plaintiff in the suit. Consequently he directed the clerk of the district court * * * to file the petition, and to cite the defendants to appear before the judge of that court on the 26th day of September, 1902, to show cause why a permanent injunction should not be granted, and at the same time to issue 'a restraining order to defendants * * * pending such hearing.' That the hearing meant was the hearing of the prayer of the petition to grant an injunction to remain in force during the pendency of the suit is apparent from the fact shown by the record in the principal case, * * *. It is obvious, therefore, that the judge did not attempt to fix a time in which they were required to answer as to the whole case, but merely to name a date at which they should appear and show cause why an injunction, which was to operate until the final determination of the suit, should not be granted. Nor do we think the language of the fiat reasonably admits of a different construction. The clerk was required to issue a restraining order 'pending such hearing.' We think this means the same as if the words had been 'until and pending such hearing,' and that the intention was to limit the operation of the order until such time as the parties could be heard upon the issue whether, under the allegations in the petition and answer, should one be filed, an injunction, to remain in force until the final disposition of the case, should be granted. * * * We therefore conclude that the injunction in this case was intended to operate for a fixed period only, and that it comes within the principle acted upon in the case of Ft. Worth St. Ry. Co. v. Rosedale St. Ry. Co., above cited." (Ft. Worth St. Ry. Co. v. Rosedale St. Ry. Co., 68 Tex. 163, 7 S.W. 381, had earlier been mentioned

as a case where the judge was authorized to place upon a preliminary injunction a time limitation operative only to such time as a hearing could be held for the determination of the question of whether a further injunctive order would be directed.)

In the instant case a bond was filed to preserve the temporary restraining order directed by the court. Upon the hearing held thereon the court did determine that a temporary injunction should be ordered and the court's decree was to such effect. It is from such order that this appeal was taken. However, nothing whatever was mentioned in the order relative to any new bond or to the continuation in effect of that originally ordered and filed and prescribed to be operative until the time of the hearing designated. No new bond was ever presented. A ground of complaint presented on the appeal is the absence of such a bond, absence of any direction that such be filed, etc.

We believe that the point of error presenting such contention is sound, and that the case must be reversed. No circumstance exists which could occasion disregard of necessity for further provision for security by way of bond. It was held in Lancaster v. Lancaster, Tex.Civ.App., 277 S.W.2d 824 (Waco Civ.App.,1955), affirmed at 155 Tex. 528, 291 S.W.2d 303 (Tex.Sup.1956), that Article 4649, R.C.S., and Texas Rules of Civil Procedure Rule 684, successor thereto, were mandatory rather than directory. Rule 684, "Applicant's Bond" sets forth the provision that "Before the issuance of the temporary restraining order or temporary injunction the applicant shall execute and file with the clerk a bond * * * (with language prescribed)."

In the instant case there was no such bond ordered or filed in support of the temporary injunction. We need look no further into the situation. The procedure under which the temporary injunction was secured was defective. The situation requires a remand of the cause to the trial court for a test of applicants' entitlement to such relief under proper procedure.

Judgment is reversed and the cause remanded.