**ROUND MOUNTAIN COMMUNITY et al., Appellants,**

v.

**E. M. FULKES, Jr., et al., Appellees.**

**No. 12087.**

Court of Civil Appeals of Texas, Austin.

Nov. 7, 1973.

John V. Elick, Procter & Jones, Austin, for appellants.

Paul W. Jones, Jr., Austin, for appellees.

PHILLIPS, Chief Justice.

Appellees,[1] as trustees, brought this suit against the members of Round Mountain Community and sought to have determined the validity of a charitable trust. In the alternative they prayed for a permanent injunction against appellants' interfering with appellees' management of the trust. The trial court, upon application by appel-

---

1. Appellees are E. M. Fulkes, Jr., Rosco Faubion, R. Morris Faubion and Ed M. Faubion.

lees, issued its temporary restraining order against appellants and afterwards issued a temporary injunction pending a hearing upon application for permanent injunction.

By warranty deed dated January 19, 1900, J. A. Faubion and his wife conveyed certain real property in the Round Mountain Community to T. T. Hamilton, J. A. Smith, and D. Landy, "Trustees of the Round Mountain Community and their successors in office for the sole use and benefit of said community." Members of the Round Mountain Community used this property as a schoolhouse for their children. During the 1940's, Leander School District was extended to include the Round Mountain Community Area. Thereafter, the children who had attended the Round Mountain School were transferred to the Leander School District. Since that time, and to the date of hearing in this case, Round Mountain Community has used the trust property for community functions, socials, and meetings for the various clubs in the area.

Rule 683, Texas Rules of Civil Procedure is as follows:

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

The Supreme Court in Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (1953), held that Rule 683 requires that the order granting a temporary injunction must set forth the reasons why the court deems issuance of the writ proper for preventing

injury to the applicant during the interim. This requirement is mandatory. State v. Cook United, Inc., 464 S.W.2d 105 (Tex. Sup.1971). The order before us fails to meet this requirement. Judgment of the trial court is reversed and the temporary injunction is dissolved, with costs of appeal assessed against appellees.

Judgment reversed and injunction dissolved.