SOUTHWESTERN BELL TELEPHONE
COMPANY et al., Appellants,

v.

Mrs. Oleta GRAVITT et al., Appellees.

No. 15432.

Court of Civil Appeals of Texas,
San Antonio.

April 16, 1975.

Hubert W. Green, Green, Kaufman &
Lanfear, Groce, Locke & Hebdon, Jack
Hebdon, Thomas H. Crofts, Jr., San Anto-
nio, for appellants.

Pat Maloney, San Antonio, for appellees.

BARROW, Chief Justice.

This is an appeal from an interlocutory
order granting appellees, Mrs. Oleta Grav-
itt, a widow, Individually and as Executrix
of the Estate of T. O. Gravitt, Deceased,
Michael Gravitt, Patrick Gravitt, and
James H. Ashley, a temporary injunction
restraining appellants, Southwestern Bell
Telephone Company, C. L. Todd, and
American Telephone and Telegraph Com-
pany, from wiretapping appellees' tele-
phone conversations and from destroying
certain records pertaining to appellees'
causes of action, if such records exist.

Appellants assert eleven assignments of
error. The first three urge that the order
of the trial court is an abuse of discretion,
void and invalid because it does not meet
the mandatory requirements of Rule 683,
Texas Rules of Civil Procedure (1967).
Appellants assert by the other eight points
that the trial court made no fact findings
in support of the order and, in any event,

there is no evidence or insufficient evidence to support the findings necessary for issuance of the order.

◼ Rule 683, provides in part that: "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; . . . ." It is settled law that under the explicit language of this rule it is mandatory that the reasons for issuing an injunction be stated in the order. State v. Cook United, Inc., 464 S.W. 2d 105 (Tex.1971); Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549 (1953); Round Mountain Community v. Fulkes, 501 S.W.2d 474 (Tex.Civ.App.—Austin 1973, no writ); Schulz v. Schulz, 478 S.W.2d 239 (Tex. Civ.App.—Dallas 1972, no writ); Mc-Cullough v. Fidelity Union Life Insurance Co., 470 S.W.2d 209 (Tex.Civ.App.—Waco 1971, writ ref'd n. r. e.); Sigma Systems Corp. v. Electronic Data Systems Corp., 467 S.W.2d 675 (Tex.Civ.App.—Tyler 1971, no writ); 6 Lowe, Texas Practice, Section 241 (1973).

◼ The order entered herein wholly fails to comply with this mandatory requirement. The order recites only that ". . . the Court having considered the evidence and argument of counsel and the law, finds that the Plaintiffs are entitled to a temporary injunction as herein granted, *the same being within Plaintiffs'* allegations and prayer; the Court after hearing the testimony is of the opinion and finds *that a temporary injunction should be issued as hereinafter set forth.*" Thus, the order does not contain any reasons why injury will be suffered by appellees if interlocutory relief is not ordered.

◼ Appellees urge by an affidavit of their attorney that said attorney prepared a draft of the proposed judgment which con-

tained reasons for issuance of the temporary injunction, but that appellants' attorneys refused to agree to the entry of this draft. The rule is established that the Court of Civil Appeals may receive evidence in the form of affidavits only to supply jurisdictional facts not apparent of record. Leuer v. Smith, 335 S.W.2d 775 (Tex.Civ.App.—San Antonio 1960, no writ). Since the affidavit of appellees' attorney is not a part of the record on this appeal and does not relate to our jurisdiction, it may not be considered by us. Assuming that there was a dispute between counsel over the form of the judgment, the fact remains that the order which was entered by the trial court does not contain the reasons for issuance of the order as required by Rule 683.

Appellees also urge that the order in this case meets the requirements approved by the Supreme Court in State v. Cook United, Inc., *supra.* We disagree. There, the Court, in approving the order granting the temporary injunction to State, pointed out that Section 4 of Article 286a, Vernon's Tex. Penal Code Ann., declares the violation of the Act to be a public nuisance and expressly authorizes an injunction restraining the violation. The Court said: "Without Section 4 of the statute, it would be necessary for the court to state in the order why it decided that the applicant would suffer harm, or be endangered by probable injury, if not granted the preliminary injunction." Here not only is there no such statutorily declared public nuisance, but also this suit for damages involves only private rights. Cf. Davies v. Unauthorized Practice Committee of State Bar of Texas, 431 S.W.2d 590 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.).

Since the requirement of Rule 683 that the order set out specifically the reasons for granting the temporary injunction is mandatory, the failure to comply constitutes reversible error. It is, therefore, unnecessary for us to consider appellants' points complaining of the sufficiency of

the evidence to support the order, and we express no opinion as to the merit of these points.

The order granting the temporary injunction is reversed, and it is here rendered that same be dissolved.

KLINGEMAN, J., not participating.