**Frank C. SANDEAURS and Joan Sandeaurs, Appellants,**

v.

**ORIENTAL FLAFOR, LTD., Appellee.**

**No. 17588.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 17, 1980.

Vincent Bustamante, Barbara Runge, Houston, for appellants.

Morris & Lester, Inc., Ellis F. Morris, Edwin R. Morgan, Houston, for appellee.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

DOYLE, Justice.

By this appeal, Frank C. Sandeaurs and his wife seek to have this court set aside, declare null and void and dissolve an interlocutory order of the trial court wherein the appellee, Oriental Flafor, Ltd., was granted the possession of real property occupied by the Sandeaurs as their homestead. The complained of order is in effect a suspended, conditional, temporary mandatory injunction.

We reverse the judgment, dissolve the injunction and remand the cause to the trial court.

Appellants filed suit seeking to set aside a foreclosure sale and deed of trust involving certain real property on which they lived. Appellants had executed a note to Westchester Realty Company as a part of the consideration for the property, securing the note with a vendor's lien and deed of trust. The note and security, by various assignments, came into the possession of First State Bank of Bellaire, which held the foreclosure sale and, by trustee, conveyed the property to appellee. In answer to ap-

pellants' suit, appellee filed a cross–action in trespass to try title seeking, inter alia, a temporary and permanent injunction against appellants' entry upon and continued use of the subject property. The court granted the temporary injunction, the relevant parts of which are set forth:

## I.

"IT IS ORDERED, ADJUDGED and DE-CREED that the immediate possession of the property which is the subject matter of this lawsuit, described as Lot Twelve (12), Block (9) of Westmont, Section Two (2), according to the map or plat thereof recorded in Volume 82, Page 67 of the Map Records of Harris County, Texas, is hereby awarded to the Cross–Plaintiff, Oriental Flafor, Ltd. and the Cross–Defendants, Frank C. Sandeaurs and wife, Joan Sandeaurs, are hereby directed to vacate said property and premises, and they are hereby enjoined during the pendency of this suit from directly or indirectly possessing or entering upon the aforementioned property pending the final judgment in this cause, or until further order of this Court. This injunction is issued because the Court finds that Frank C. Sandeaurs and wife, Joan Sandeaurs are insolvent, and Oriental Flafor, Ltd. has an adequate remedy at law, if successful in its suit to quiet title while the posting of a bond will protect Frank C. Sandeaurs and wife Joan Sandeaurs.

## II.

The above order and injunction shall become effective and writ shall issue upon the posting of a good and sufficient surety bond by Oriental Flafor, Ltd., payable to the Cross–Defendants, Frank C. Sandeaurs and wife, Joan Sandeaurs conditioned as required by law. Such bond is hereby fixed in the sum of $65,000.00.

## III.

It appearing to the Court however, that the Plaintiffs and Cross–Defendants, Frank C. Sandeaurs and wife, Joan Sandeaurs, have claimed some right, title or interest in the property and some irregularity in the foreclosure sale in connection with the above described property, therefore, as authorized by law to adjust the equities for all the parties, the Court hereby suspends the execution and implementation of the above temporary injunction conditioned upon the compliance by Frank C. Sandeaurs and wife, Joan Sandeaurs of the following terms and conditions:

(1) that the sum of $12,961.28 be paid into the registry of the Court as an unconditional tender on or before 5:00 p. m. on October 22, 1979;

(2) That a policy of insurance payable to Frank C. Sandeaurs and wife, Joan Sandeaurs and Oriental Flafor, Ltd. as their interests may appear, for fire and extended coverage in the amount of $65,-000.00 be deposited in the registry of the Court;

(3) That evidence be deposited in the registry of the Court that all ad valorem taxes due have been paid;

(4) That a good and sufficient surety bond in the sum of $20,000.00 payable to Oriental Flafor, Ltd. conditioned as required by law be delivered to the clerk of this Court on or before 5:00 p. m. October 22, 1979;

(5) That the sum of $136.61 per month be deposited into the registry of the Court by Frank C. Sandeaurs and wife, Joan Sandeaurs during the pendency of this cause.

Failure of the Plaintiffs and Cross–Defendants to comply with any of the above terms and conditions shall automatically cancel the suspension of the execution and implementation of the order and temporary injunction and award of temporary possession to Oriental Flafor, Ltd. herein and the temporary injunction heretofore awarded shall automatically become effective three days after posting of the bond as set out in paragraph II above.

**650**

By points of error one and two, appellants contend that the foregoing temporary injunction is void because it was issued without a bond's having first been filed as required by Rule 684, Texas Rules of Civil Procedure, and because of the lack of specificity in its terms as required by Rule 683.

Rule 684 requires that the court fix the amount of the security in the order granting the temporary injunction and that before its issuance the applicant must execute and file with the clerk a bond to the adverse party in the amount fixed by the judge, said bond to have the proper sureties and conditions and to be approved by the clerk. While the temporary injunction fixes the amount of the bond at $65,000, by its terms and conditions it is clear that the court does not require appellee to now file such a bond, nor does it fix a specific date on which the bond is to be filed. It is to be noted that one of the conditional provisions of the temporary injunction became operative on October 22, 1979, seven days after its issuance, and appellants were required to post a $20,000 bond payable to appellee on such date in order to continue their possession of the subject premises. No Texas cases have been found by us nor cited by either party involving a suspended conditional injunction.

In declaring a temporary injunction void because no bond had been filed, in *Goodwin v. Goodwin*, 456 S.W.2d 885 (Tex.1970) it was held that the trial court must not only fix the amount of the bond, but must also require the applicant to execute and file with the clerk a bond to the adverse party prior to the issuance of the injunction. The court also pointed out its previous holding in *Lancaster v. Lancaster*, 155 Tex. 528, 291 S.W.2d 303 (1956), "wherein we held that under Rule 684 a bond is specifically required as a condition precedent to the issuance of a temporary injunction, and failure of the applicant to file such a bond renders the injunction void ab initio." Moreover, the *Lancaster* case held that the provisions of Rule 684 are mandatory rather than directory.

Appellants first two points of error are sustained. Thus, we hold that the issuance of the temporary injunction in this appeal was void ab initio.

In view of our holding, we do not reach appellants' other points of error.

The judgment of the trial court is reversed, the injunction is dissolved and the cause remanded to the trial court.