GENERAL HOMES, INC. et al., Appellants,

v.

WINGATE CIVIC ASSOCIATION, Appellee.

WINGATE CIVIC ASSOCIATION, Appellant,

v.

GENERAL HOMES, INC. et al., Appellees.

No. B2591.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 15, 1981.

Rehearing Denied May 6, 1981.

Patricia Hair, Baker & Botts, C. Charles Dippel, Sears & Burns, Houston, for appellants.

Gerald E. Hopkins, Houston, for appellees.

Before COULSON, MILLER and MURPHY, JJ.

MILLER, Justice.

This is an appeal from the granting of a temporary injunction. Wingate Civic Association, a non-profit, unincorporated association, whose members are homeowners in Wingate, Section One, a subdivision in Harris County, Texas ("the Civic Association") brought suit against General Homes, Inc., Eden Corporation and Lancaster Development Co., the developers and builders of Wingate subdivision (hereinafter referred to collectively as "General Homes"), and the Wingate Homeowners' Association, ("WHOA"), a non-profit corporation which maintains the common areas of the subdivision as well as a recreational area located in Wingate Section Two consisting of a swimming pool, children's playground and two tennis courts.

In its suit, the Civic Association alleges General Homes falsely represented to a number of purchasers of residences within Wingate Section One, they, along with owners in Wingate Section Two, would have the exclusive right to use the recreational area located in Wingate Section Two. The Civic Association alleges after a portion of the Wingate residents purchased their homes they learned that Forestview, an adjoining subdivision developed by General Homes, would share with Wingate in the use of the recreational area.

Suit was brought pursuant to the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code Ann. § 17.41, et seq. (Vernon Supp. 1980–1981), seeking monetary damages and an injunction to enjoin the residents of Forestview from using the recreational area in Wingate; to enjoin General Homes from advertising that Forestview residents may use the recreational area in Wingate; and to enjoin General Homes and WHOA from annexing additional sections or subdivisions.

After hearing, a temporary injunction was granted, which provided, among other things, that the residents of Forestview Section Two and Three were enjoined from using the recreational area located in Wingate. All parties appeal. We reverse the judgment of the trial court and dissolve the temporary injunction.

Point of error five of General Homes, and point of error three of WHOA are dispositive of the appeal. In these points of error both appellants argue the court's order granting the injunction is not in compliance with Tex.R.Civ.P. 683, which sets forth the form and scope of restraining and injunctive orders. Rule 683 provides:

> Every order granting an injunction and every restraining order shall set forth the

reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

They both assert the injunction order is not valid under Rule 683 because the order does not specifically state the reasons for its issuance.

Paragraph three of the order granting the temporary injunction states "[t]he Court finds that immediate and irreparable injury, loss or damage will result to Plaintiff unless the temporary injunction set forth herein is granted, and that Plaintiff has no adequate remedy at law." No other reasons are recited in the court's order.

The issue before us is whether the language is sufficient to meet the requirements of Rule 683 that the order "set forth the reasons for its issuance. . . ." We hold the language of the order is not sufficient.

■ The Texas Supreme Court, in *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex.1971), stated while it is not necessary for the trial court to explain its reasons for believing the applicant has shown a probable right to final relief, it is necessary for it to give the reasons why injury will be suffered if the injunction is not granted. *See Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549, 553 (1953). Further, it is held the *specific* reasons must be set out in the injunction order, and mere conclusionary statements are not sufficient. *Charter Medical Corp. v. Miller*, 547 S.W.2d 77 (Tex.Civ.App.-Dallas 1977, no writ).

■ The order before us fails to meet the aforementioned requirements because it only states the trial court's conclusion that immediate and irreparable harm will result if the injunction is not granted, with no specific reasons supporting the conclusion.

■ The requirement of Rule 683 that the order set out specifically the reasons for granting the injunction is mandatory, and the failure of an order to meet this requirement constitutes reversible error. *Id.* at 78; *Round Mountain Community v. Fulkes*, 501 S.W.2d 474, 475 (Tex.Civ.App.-Austin 1973, no writ); *Southwestern Bell Telephone v. Gravitt*, 522 S.W.2d 531, 532 (Tex.Civ.App.-San Antonio 1975, no writ).

We hold therefore the trial court improperly granted the injunction, and the injunction should be dissolved.

In view of this holding it would be inappropriate for us to decide the other points raised by General Homes and WHOA concerning the propriety of the trial court's granting of the injunction, however, we point out that after reviewing the briefs and authorities cited therein we question the standing of the Civic Association to assert the alleged rights of the individual members of the group, as argued in WHOA's first point of error in its appellant's brief. We do not reach this question in this appeal, however, because the injunction is improper for the more fundamental reasons set forth above.

Accordingly, we reverse the judgment of the trial court and dissolve the temporary injunction order.