**DIVERSIFIED, INC., Appellant,**

v.

**Frank TURNER, Jr., et ux., Appellee.**

**No. C14–82–545CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 24, 1983.

Richard Petronella, Houston, for appellant.

Frank Turner, Sugarland, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

This is an appeal from an order granting a temporary injunction in favor of appellees, who filed suit to enjoin appellant Diversified, Inc., and Home Savings Association from selling real property under a deed of trust. We reverse and order the injunction dissolved.

On February 3, 1978, appellees entered into a contract for labor and materials for the construction of improvements on their home in Fort Bend County, Texas, and as part consideration therefor, executed a promissory note secured by a deed of trust to Happy Homes, Inc. That note was assigned by Happy Homes, Inc., to Home Savings Association, on February 22, 1978. Home Savings Association declared the note in default and posted the property for sale at a public auction, pursuant to the terms of the deed of trust. On April 6, 1982, appellant purchased the property at a foreclosure sale by payment to the trustee of Two Thousand Six Hundred Twenty-Four Dollars ($2,624.00). However, due to the possible invalidity of the first foreclosure sale, appellant appointed a substitute trustee and gave notice on June 14, 1982, of a second foreclosure sale, scheduled for July 6, 1982.

On April 26, 1982, appellees filed suit, seeking to enjoin appellant's substitute trustee from conducting the second foreclosure sale.

On June 17, 1982, the court issued an order granting a temporary injunction en-

joining appellant Diversified from proceeding with the foreclosure sale. It is from this order that Diversified, Inc., appeals.

■ In its second point of error, appellant alleges that the trial court abused its discretion by improperly granting a temporary injunction which failed to meet the mandatory requirements of Tex.R.Civ.P. 683, by failing to specify the reasons for the granting of the temporary injunction. We agree. Tex.R.Civ.P. 683 states:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

Amplifying Rule 683, the Texas Supreme Court, in *State v. Cook United, Inc.,* 464 S.W.2d 105 (Tex.1971), stated:

> Under Rule 683 the reason for the granting of a temporary injunction must be stated in the order. It is not required that the trial court explain its reasons for believing that the applicant has shown a probable right to final relief, but it is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered. *Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549 (1953).

In addition, the courts of this state have consistently held that this requirement is a mandatory one. Specifically, this Court has held:

> The requirement of Rule 683 that the order set out specifically the reasons for granting the injunction is mandatory, and the failure of an order to meet this requirement constitutes reversible error. (citations omitted).

*General Homes, Inc. v. Wingate Civic Association,* 616 S.W.2d 351 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). Fur-

ther, citing *Charter Medical Corp. v. Miller,* 547 S.W.2d 77 (Tex.Civ.App.—Dallas 1977, no writ), this court stated:

> [I]t is held the *specific* reasons must be set out in the injunction order, and mere conclusionary statements are not sufficient. (emphasis added).

*General Homes, Inc.,* 616 S.W.2d at 353. In the instant case, the order granting the temporary injunction recites, in pertinent part:

> On the 18th day of June, 1982, the Court heard and considered the application of FRANK TURNER, JR., and wife, JOSIE TURNER, for a temporary injunction upon Plaintiffs' verified petition, after due notice to the Defendants, DIVERSIFIED, INC., the Plaintiffs and Defendants having appeared in person and by their attorneys of record, and the Court having considered the evidence and argument of counsel, it appears to the Court that Plaintiffs are entitled to the temporary injunction prayed for ...

Thus, not only did the order fail to set out specifically the reasons for the granting of the injunction, but the order contained only conclusory statements which were wholly insufficient to comply with the requirements of Rule 683. Accordingly, appellant's second point of error is sustained.

■ In his third point of error, appellant alleges that the trial court's failure to require appellees to post and have their bond approved rendered the order granting the temporary injunction void. We agree. The order, in pertinent part, states:

> IT IS FURTHER ORDERED that Plaintiffs shall, *prior to the issuance of such order,* file with the Clerk of this Court a bond executed by the Plaintiffs herein with good and sufficient sureties in the amount of One Thousand Two Hundred and No/100 ($1,200.00) Dollars payable to the Defendants, *approved and conditioned as the law requires.* (emphasis added).

The applicable law, Tex.R.Civ.P. 684, states, in pertinent part:

*Before the issuance of* the temporary restraining order or *temporary injunction* the applicant shall execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, *to be approved by the clerk,* in the sum fixed by the judge, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part. (emphasis added).

It is well settled that this rule is also mandatory in nature.

Article 4649, R.C.S., preceded Rule 684, Texas Rules of Civil Procedure and our courts held that the provisions of that statute were mandatory rather than directory. (citations omitted).

Since the passage of Rule 684 our courts have held the rule mandatory and the issuance of the injunction without the bond void. (citations omitted).

*Lancaster v. Lancaster,* 277 S.W.2d 824 (Tex.Civ.App.—Waco 1955), *aff'd,* 155 Tex. 528, 291 S.W.2d 303 (Tex.1956). *See also Conway v. Irick,* 420 S.W.2d 141, 143 (Tex. Civ.App.—Ft. Worth 1967, writ ref'd n.r.e.).

The record reflects that appellees failed to obtain the required approval of their injunction bond by the clerk. As a result, the condition precedent to the issuance of the temporary injunction stated in the order was not met. The record in this case fails to show that the clerk issued any writ of injunction pursuant to the court order. If a writ of injunction was issued, it was void ab initio because of the clerk's failure to approve the bond. *See Sandeaurs v. Oriental Flafor, Ltd.,* 605 S.W.2d 648 (Tex. Civ.App.—Houston [1st Dist.] 1980, no writ). Accordingly, appellant's third point of error is sustained.

In view of our holding, we do not reach appellant's other points of error.

The order of the trial court is reversed and the cause remanded to the trial court with instructions to dissolve the temporary injunction.