**Dawn Carol SMITH, Appellant,**

v.

**Frank Stanton SMITH, et al.,
Appellees.**

**No. C14–83–651CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 18, 1984.

Raymond W. Greer, Hinton, Morris & Browning, Houston, for appellant.

Carol Vance, Bracewell & Patterson, Houston, for appellees.

Before JUNELL and SEARS, JJ., and T. GILBERT SHARPE, J., retired.

## OPINION

T. GILBERT SHARPE, Justice, retired.

This is an appeal from an order signed August 25, 1983, appointing a receiver over certain partnership assets.

In 1978, Frank and Grace Smith (Appellees) entered into two joint venture agreements with their daughter, Dawn Smith (Appellant), for the purpose of acquiring real property so as to build two separate apartment projects. The funds necessary to construct the projects were obtained through Farmers Home Administration ("FmHA"), a rural residential housing program. The principal amounts of the loans obtained from FmHA were $1,280,000 and $1,488,000. Appellant acted as the managing joint venturer of both apartment projects until the time the receiver was appointed.

On October 6, 1982, Frank and Grace Smith filed suit against Appellant for (1) dissolution of the partnership, (2) appointment of a receiver, and (3) for an accounting in connection with Dawn Smith's alleged breaches and mismanagement of the two joint ventures. (Dawn Smith's husband, Earl Malpartida, is also a defendant, along with Joe and Lea Slayton, holders of a ten percent interest in one of the projects.) On August 9, 1983, a hearing was held on Appellees' application for appointment of a receiver. On August 25, 1983, the court signed an order appointing a receiver, inserting the receiver's name and the bond amount on September 6, 1983. Both the receiver and appellees subsequently filed a $10,000 bond in connection

with the receivership. On September 26, 1983, the receiver filed a motion with the court, asking it to clarify his duties and to enjoin all parties to the lawsuit from interfering with the performance of those duties. As a result of this motion, an order was signed by the trial judge on November 11, 1983, titled "Agreed Supplemental Order Clarifying Duties of Receiver and Temporary Injunction."[1] Appellant has perfected this appeal, challenging the validity of the trial court's August 25, 1983 order. She does not, however, complain of the subsequent supplemental order. We affirm.

We will first address the merits of Appellant's argument in opposition to the appointment of a receiver. In points of error eight and ten, Appellant contends (1) the trial court abused its discretion in ordering the appointment of a receiver when a less harsh remedy was available, and (2) the trial court abused its discretion in appointing a receiver to take control of the operation and management of the two apartment projects because there was no evidence of a "present danger of loss, removal or material injury to the property." We disagree.

■ It is well settled that the appointment of a receiver is within the discretion of the court and, absent a clear abuse of discretion, will not be disturbed on appeal. *Covington Knox, Inc. v. State*, 577 S.W.2d 323 (Tex.Civ.App.-Houston [14th Dist.] 1979, no writ). TEX.REV.CIV.STAT.ANN. art. 2293 (Vernon 1971) provides, in part:

> Receivers may be appointed by any judge of a court of competent jurisdiction of this State, in the following cases:
>
> (1) In an action ... between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured.

If there is evidence to show Appellees brought themselves within the terms of this statute, the trial court did not abuse its discretion by appointing a receiver. *See Hitt v. Morris*, 250 S.W.2d 408 (Tex.Civ. App.-El Paso 1952, mand. overr.); *M. Guerra & Son v. Manges*, 442 S.W.2d 441 (Tex. Civ.App.-Waco 1969, writ dism'd).

■ Appellees hold a 45% partnership interest in the Magnolia Village apartment projects and a 50% interest in Country Terrace Village. When Appellees became aware that Appellant was engaged in certain misconduct with regard to the two projects, they filed this lawsuit. At the hearing on Appellees' application for appointment of a receiver, Appellant testified: (1) that she took $39,000 from the Country Terrace Village construction account and placed it in a Swiss bank account in her name; (2) she purchased items for personal use out of the partnership accounts; (3) she had commingled her personal funds with those of the two partnerships; and (4) that a number of the business records regarding the projects were inaccurate.

Richard Cumberland, a certified public accountant, testified that Appellant had failed to keep even the minimum records necessary for this type of business venture. He further testified that this failure to keep accurate records would cause material injury to the partnership assets. After he reconstructed each partner's contributions and withdrawals from the checks written to and from the projects (no general ledger had been kept), the records showed that Appellant had withdrawn approximately $242,000 from the projects. This amount was far in excess of any fees and distributions to which she was entitled. Cumberland also testified that the partnership tax returns prepared from the records provided by Appellant were inaccurate, and that such filing could result in tax penalties to the partners.

---

1. ... A second order, identical to this order, also appears in the record. It was signed by the trial judge on January 20, 1984.

Bill Derden, District Director of FmHA, testified that Appellant had failed to provide them with unqualified annual audits pursuant to FmHA regulations. He noted that FmHA requires that management fees must be limited to five percent of the gross monthly rent, and that any improper use of funds or commingling of funds would place the projects in jeopardy.

■ Appellant contends that since FmHA had been unaware of any violations of FmHA regulations prior to the receivership hearing, there was no "present" danger of foreclosure, thus precluding the finding necessary for appointment of a receiver. We disagree. The fact that Appellant's misconduct had been heretofore undiscovered in no way lessens the potential danger of injury to the property; thus, their petition for relief by way of receivership was proper. We overrule points eight and ten.

■ In point of error nine, Appellant contends the trial court erred in appointing a receiver because Appellees' application for appointment of a receiver was barred by laches. We find no merit in this contention. Laches is an affirmative defense, and the burden was on Appellant to prove its essential elements. *City of Fort Worth v. Johnson*, 388 S.W.2d 400, 403 (Tex.1964). Two essential elements of laches are (1) unreasonable delay by one having legal or equitable rights in asserting them, and (2) a good faith change of position by another to his detriment because of the delay. *Id.* at 403. Appellees filed their original petition in October 1982. Their request for appointment of a receiver was heard on August 9, 1983, approximately ten months later. While Appellant claims error, she has failed to show either lack of diligence on the part of Appellees to pursue their cause of action or detriment incurred due to the alleged delay. We overrule point of error nine.

We turn now to Appellant's points of error one through seven wherein she contends the Order Appointing a Receiver signed August 25, 1983, contains injunctive orders which are void ab initio. These or-

ders, set out at the end of the document entitled "Order Appointing a Receiver," are as follows:

(a) Defendant Dawn Carol Smith is hereby enjoined from making any payments for any reason, including fees, wages, and other, to herself, Defendant Earl Malpartida Smith, or Defendants I. Joe Slay and Lea Slay;

(b) Defendant Earl Malpartida Smith is enjoined from performing services as an employee or otherwise of either Magnolia Village Joint Venture or Country Terrace Village Joint Venture;

(c) Defendant Dawn Carol Smith is prohibited from committing Magnolia Village Joint Venture or Country Terrace Village Joint Venture to any expenditures or making any payments on behalf of Magnolia Village Joint Venture or Country Terrace Village Joint Venture, ...

(d) Defendant Dawn Carol Smith is enjoined from taking any action concerning selling or otherwise disposing of partnership assets; and

(e) Defendant Dawn Carol Smith is prohibited from interfering in any way with the Receiver in his management of Magnolia Village Joint Venture or Country Terrace Village Joint Venture and shall have no contact with the Receiver except at the Receiver's request.

It is Appellant's contention that these orders are void and should be dissolved because (1) no bond was set or filed by Appellees pursuant to TEX.R.CIV.P. 684 and (2) the orders fail to state the reason for their issuance and are not "definite, clear and precise" pursuant to TEX.R.CIV.P. 683.

■ In an order granting injunctive relief, it is mandatory that a bond be set by the trial court and filed by the applicant. The failure of the applicant to file such a bond renders the injunction void ab initio. *Goodwin v. Goodwin*, 456 S.W.2d 885 (Tex. 1970); *Lancaster v. Lancaster*, 155 Tex. 528, 291 S.W.2d 303 (1956); *Diversified,*

*Inc. v. Turner,* 650 S.W.2d 175 (Tex.App.-Houston [14th Dist.] 1983, no writ). Additionally, TEX.R.CIV.P. 683 provides, in part, that "[e]very order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained...." This court has held that the provision set out in Rule 683 that the order state the specific reasons for granting an injunction is mandatory, and the failure to comply with the rule is reversible error. *Diversified, Inc. v. Turner,* 650 S.W.2d at 176; *General Homes, Inc. v. Wingate Civic Ass'n,* 616 S.W.2d 351 (Tex.Civ.App. Houston [14th Dist.] 1981, no writ).

■ Indeed, if we were to construe the language of the order set out above as a temporary injunction, it would clearly be void because it does not satisfy the provisions of TEX.R.CIV.P. 683 and 684. However, we believe error, if any, regarding these orders is moot in light of the subsequent order of clarification and temporary injunction entered by the trial court. The supplemental order contains the following language:

> It is further Ordered, Adjudged and Decreed that all parties immediately refrain and desist from any acts or omissions which would hinder the Receiver in performance of his court-ordered duties:
>
> (1) All parties are ordered to turn over to the Receiver all books, records or materials relating to the joint ventures within two days of the signing of this Order to the extent each has not already done so....
>
> (2) No party is to communicate with the Receiver except at the Receiver's request.
>
> (3) No party is to visit the site of either of the joint ventures without prior consent of the Receiver, ...
>
> (4) No party is to talk with any current or prospective employee of either joint venture, any contractors working for or employed by either joint venture, or any vendors, mortgagees, banks or federal agencies that are involved with either joint venture, concerning the business of the joint ventures without prior written consent of the Receiver.
>
> (5) Any party who is contacted by a third party who is not aware of this Order and the existence of the receivership shall be directed immediately to the Receiver by that party and further communication with that third party concerning the business of the joint ventures shall then cease.

We hold that the orders contained in the agreed supplemental order supercede any prior injunctive orders that may have been issued by the trial court on August 25, 1983. Since Appellant does not complain in this appeal of the supplemental order, there is nothing presented on this matter for our review. We overrule points one through seven.

The judgment of the trial court is affirmed.