OPINION
JUNELL, Justice.
William Ohlhausen appeals the granting of a temporary restraining order and temporary injunction preventing him from disposing of funds wrongfully paid to him from an employees profit sharing plan account. Appellant alleges in his first three points of error that the temporary restraining order was improperly granted because (1) the pleadings were defective and insufficient as a matter of law; (2) the order *436 failed to expressly grant injunctive relief and authorized the writ to issue without the filing of a bond; and (3) the order was void ab initio for appellee’s failure to post a good and sufficient bond. In point of error (4) appellant contends the trial court erred in overruling his motion for continuance. Appellant’s last four grounds allege the court erred in granting the temporary injunction (5) because the pleadings were improperly verified; (6) because the evidence was insufficient to show appellee had no adequate remedy at law; (7) because the injunction order fails to expressly grant an injunction and authorizes the clerk to issue the writ without the filing of a bond; and (8) because appellee had no probable right of recovery.
We affirm.
Appellant’s wife, Mary Chappell Ohlhau-sen, had become entitled to an account in Southland Corporation Employees’ Savings and Profit Sharing Plan as the beneficiary of her first husband’s account. The first husband, H.O. Chappell, had built up the account while he was an employee of Southland Corporation. Mrs. Ohlhausen designated David Chappell and Marsha Chappell Crainer, the children from her first marriage, as her beneficiaries on the account. Mrs. Ohlhausen died in 1984. Due to a clerical mistake, Southland paid over the balance of the account, some $120,185, to appellant in March 1985.
In April 1985, David Chappell and Marsha Chappell Crainer filed suit against appellant seeking to recover the account proceeds and to obtain an injunction prohibiting him from disposing of the funds pending trial, and against Southland Corporation seeking judgment for the balance of their parents’ account. Chappell and Crainer’s request for a temporary restraining order to prevent appellant from disposing of the funds was granted. Pending a hearing on Chappell’s and Crainer’s temporary injunction request, trustees of the trust intervened, pleading mistake in payment. The trust also filed a request for temporary injunction. At a hearing on May 16, the court heard evidence on Chap-pell and Crainer’s request for injunctive relief, denied their request, and granted the trustees’ request for a temporary restraining order. Prior to the hearing on its request for temporary injunction, the trustees filed an amended plea in intervention. The amended plea was verified in part by a Southland trustee and in part by the trust’s attorney. The court granted intervenor’s request for temporary injunction on May 23, 1985.
Appellant’s first three points of error allege the court erred in granting intervenors’ request for a temporary restraining order. A temporary restraining order is not an appealable order. Arvol D. Hays Construction Company v. R & M Agency Corporation, 471 S.W.2d 628, 629 (Tex.Civ.App.-Fort Worth 1971, writ ref’d n.r.e.). Under Rule 680, Tex.R.Civ.Proc., a temporary restraining order expires of its own terms within ten days unless extended by the court. In the present case, no extension was granted by the court. The order expired on May 26, 1985; the points are moot. Appellant’s first three points of error are overruled.
Appellant’s multifarious fourth point of error contends the court erred in overruling his motion for continuance and his objection to the filing of the trustees' amended plea in intervention. The original plea in intervention and application for temporary restraining order was filed on May 16, 1985. The application for temporary restraining order contained a request for a temporary injunction. Immediately before the hearing on May 21, an amended plea in intervention was filed.
Appellant claims to have made a motion for continuance and a motion to strike the amended pleadings. The record contains no motion for continuance. Rule 251, Tex.R.Civ.Proc., requires a motion for continuance to be in writing and verified. Abilene Savings Association v. Roderick, 418 S.W.2d 695, 697 (Tex.Civ.App.-Eastland 1967, no writ). Where the terms and provisions of Rule 251 have not been complied with, it will be presumed that the trial court has not abused its discretion in deny *437 ing continuance. Drake v. State, 488 S.W.2d 534, 536 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.).
Further, as the amended pleadings merely responded to appellant’s exceptions by adding specificity and by modifying the verification, there was no material change which would have justified granting a motion to strike. Appellant’s fourth point of error is overruled.
Appellant’s fifth through eighth points of error complain of the court’s granting the temporary injunction. In point of error five, appellant complains that the injunction application was improperly verified. The court granted the temporary injunction after a full evidentiary hearing in which appellant, the Chappell children and the intervenors participated. A verified petition is not essential to the granting of a temporary injunction granted after a full hearing on the evidence independent of the petition. O’Connor v. National Motor Club of Texas, Inc., 385 S.W.2d 558, 560 (Tex.Civ.App.—Houston 1964, no writ); Magnolia Petroleum Company v. State, 218 S.W.2d 855, 857 (Tex.Civ.App.-Austin 1949, writ ref’d n.r.e.). Even assuming the verification was defective, and we do not do so, appellant’s claim is without merit. Appellant’s fifth point of error is overruled.
Appellant’s sixth point of error contends the evidence was insufficient to show the intervenors had no adequate remedy at law due to appellant’s insolvency.
Appellant is 78 years old and retired. Appellant testified that he had spent and given away a portion of the funds paid to him. Appellant stated he did not own real estate other than whatever interest he might have in his deceased wife’s house. Appellant’s step-son testified appellant owned an automobile, a certificate of deposit for about $30,000 and a few personal effects.
In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, 532 (1953). No adequate remedy at law exists if the defendant is incapable of responding in damages. R.H. Sanders Corporation v. Haves, 541 S.W.2d 262, 265 (Tex.Civ.App.-Dallas 1976, no writ). The evidence was sufficient to show appellant had disturbed the status quo by disposing of part of the funds and that his known assets were insufficient to permit him to make restitution. Appellant’s sixth point of error is overruled.
Appellant’s multifarious seventh point of error alleges the temporary injunction order failed to comply with Rule 683, Tex.R. Civ.Proc. He claims the order failed to expressly grant an injunction and improperly authorized the clerk to issue the writ of injunction without a bond being filed.
The purpose of Rule 683 is to inform a party of just what he is enjoined from doing and the reasons why he is so enjoined. O’Daniel v. Libal, 196 S.W.2d 211, 214 (Tex.Civ.App.—Waco 1946, no writ). The temporary injunction order instructs the clerk to issue a writ of injunction enjoining and restraining appellant from:
1. intentionally, knowingly or recklessly destroying, removing, concealing, encumbering, transferring or otherwise harming or reducing the proceeds received from THE SOUTHLAND EMPLOYEES’ TRUST in the amount of $120,185.63; and from taking any action with regard to such monies with intent to obstruct the authority of the Court to order a division of the proceeds of said Trust in a manner that the Court deems just and right having due regard for the rights of each party;
2. intentionally misrepresenting or refusing to disclose to Intervenors or to the Court on proper request the existence or amount or location of the proceeds of the said EMPLOYEES’ TRUST;
*438 pending trial of this cause on the merits. As reason for the injunction, the order further states appellant has already spent part of the annuity proceeds and does not possess assets sufficient to reimburse South-land should Southland prevail in a trial on the merits. The wording of the order specifically describes the subject funds and prohibited acts. The order is neither over-broad nor vague.
The issuance of the temporary injunction order is conditioned upon inter-venors entering into a bond. Appellant seems to argue that because the injunction order did not set a specific date by which the bond must be filed, the order was void. Rule 684, Tex.R.Civ.Proc., requires that before a writ of injunction may issue, the applicant must execute and file with the clerk a bond payable to the adverse party in the amount fixed by the judge. Sandeaurs v. Oriental Flafor, 605 S.W.2d 648, 650 (Tex.App.—Houston [1st Dist.] 1980, no writ). Intervenors filed the bond eight days after the injunction order was signed. The writ of injunction is not in the record so we have no evidence to show it issued before the bond was filed. Appellant’s seventh point of error is overruled.
Appellant’s eighth point of error contends that the temporary injunction was improper because the intervenors had no probable right of recovery since any probable injury was a result of their own unilateral mistake. As stated above, the purpose of a temporary injunction order is to preserve the status quo pending a trial on the merits. Transport Co. of Texas v. Robertson Transports, 261 S.W.2d at 532. Whether unilateral mistake will prevent the intervenors from recovering the funds from appellant is a question for the trial on the merits. The intervenors have shown probable injury if appellant is allowed to disburse the funds since appellant’s known assets would not be sufficient to repay intervenors if a judgment was rendered against appellant. Intervenors have established a probable right of recovery in presenting evidence that appellant had no legal claim on the funds and that the funds were paid to appellant by mistake. Appellant’s eighth point of error is overruled.
We affirm the court’s judgment granting the injunction.