NUMBER 13-00-071-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ROCIO DENISE GARCIA AND MARCO ANTONIO RIOS, Appellants,



 v.


ESTATE OF RUBEN MONTES, DECEASED,

MARIA DEL CARMEN MONTES, INDIVIDUALLY 

AND AS REPRESENTATIVE OF THE ESTATE OF

RUBEN MONTES AND AS NEXT FRIEND OF

VERONICA MONTES
, Appellees.


__________________________________________________________________
 
On appeal from the County Court at Law No. Four


of Hidalgo County, Texas.


____________________________________________________________________


O P I N I O N





Before Chief Justice Seerden and Justices Dorsey and

Cantu(1)

Opinion by Justice Antonio G. Cantu




 This is an appeal from an order granting a temporary injunction
issued by County Court at Law No. Four of Hidalgo County, Texas. The
appellees successfully enjoined appellants from "transferring,
concealing, secreting, selling, disposing and/or delivering of any assets,
cash, title, causes of action, inheritance, or any other thing of monetary
value . . . to any third party that could be utilized by a judgment creditor
for the satisfaction of [a pending claim] in question." The appellants
have perfected their appeal from the order granting the temporary
injunction.(2)

 The ultimate issue to be determined by the reviewing court where
a temporary injunction is granted, is whether there was an abuse of
discretion. State v. Southwestern Bell Tel. Co., 526 S.W.2d 526, 528
(Tex. 1975); City of Spring Valley v. Southwestern Bell Tel. Co., 484
S.W.2d 579, 581 (Tex. 1972); Moreno v. Baker Tools, Inc., 808 S.W.2d
208, 211 (Tex. App.--Houston [1st Dist.] 1991, no writ); Castaneda v.
Gonzalez, 985 S.W.2d 500, 502 (Tex. App.--Corpus Christi 1998, no
pet.). We find that the trial court abused its discretion, reverse the
order of the trial court, and dissolve the temporary injunction.



 The instant appeal has its genesis in a suit seeking monetary
damages as a result of the alleged negligence of appellants, Rocio
Denise Garcia and Marco Antonio Rios. Appellees filed a petition on
December 27, 1999, alleging that on or about November 4, 1999,
appellant Marco Antonio Rios was involved in a motor vehicle accident
in which Ruben Montes was killed. The petition alleged negligence on
the part of appellant Rios and negligent entrustment on the part of
appellant Garcia. 

 Contemporaneous with the filing of their petition for damages,
appellees applied for and obtained an ex parte temporary restraining
order granting the following relief:

 a) Marco Antonio Rios and Rocio D. Garcia, Individually and
their agents, employees, servants, representatives, and/or
assigns are prohibited from transferring, concealing,
secreting, selling, disposing, and/or delivering any assets,
cash, title, causes of action, inheritance, or any other thing
of monetary value (hereinafter referred to as 'Assets') to any
third party that could be utilized by a judgment creditor for
the satisfaction of this claim in question; and Defendants are
authorized to utilize their assets only directly related to
Defendants' normal living expenses, and that through
appropriate application with credible proof filed by
Defendants with this court, the Court shall allow appropriate
disbursement pursuant to orders of this Court for only
expenses directly related to Defendants and only
disbursements directly related to Defendants for normal
living expenses. Defendants shall be prohibited from 
transferring, concealing, selling, disposing, and/or delivering
any thing of monetary value or any assets that are not
approved by order of this Court;

 

 any further relief, both at law and in equity, to which these
Plaintiffs may be justly entitled.


 The trial court set a hearing for January 10, 2000, for
defendants/appellants to "Show Cause." At the hearing, appellees
offered the testimony of Juan Castillo, an investigator, who testified that
he had investigated the accident in question and had located various
properties belonging to appellant Garcia being offered for sale. Garcia
confirmed that the properties were hers and that they were on the
market for sale. The death of Ruben Montes was established by
stipulation and little else was presented to the court in support of the
application for temporary injunction.

 At the conclusion of the hearing, the trial court took the matter
under advisement. Later on the same day, the court entered the
following order:

TEMPORARY INJUNCTION


 BE IT REMEMBERED that Plaintiffs' Temporary Injunction came
to be heard, having been duly and properly filed and presented, and
that the Court being of the opinion that said Temporary Injunction
should be granted;

 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, that
said Temporary Injunction be and is hereby granted and that the clerk
shall be ordered to issue a Temporary Injunction ordering the following
relief:

 a) Marco Antonio Rios and Rocio D. Garcia,
Individually and their Agents, employees,
servants, representatives, and/or assigns are
Prohibited from transferring, concealing,
secreting, selling, disposing, and/or delivering any
assets, cash, title, causes of action, inheritance,
or any other thing of monetary value (hereinafter
referred to as 'Assets') to any third party that
could be utilized by a judgment creditor for the
satisfaction of this claim in question; and
Defendants are authorized to utilize their assets
only directly related to Defendants' normal living
expenses, and that through appropriate
application with credible proof filed by
Defendants with this Court, the Court shall allow
appropriate disbursement pursuant to orders of
this Court for only expenses directly related to
Defendants and only disbursements directly
related to Defendants for normal living expenses. 
Defendants shall be prohibited from transferring,
concealing, selling, disposing, and/or delivering
any thing of monetary value or any assets that
are not directly related to Defendants' normal
living expenses and are not approved by order of
this Court;


 any further relief, both at law and in equity, to
which these Plaintiffs may be justly entitled.


 IT IS FURTHER ORDERED, ADJUDGED, AND
DECREED, the amount of the security given by
the applicant is a bond in the amount of two
thousand DOLLARS ($2000.00).


 This Temporary Injunction is hereby granted on
Jan. 10 2000 at 5:30 o'clock P.M. and will
dissolve at the conclusion of the final trial of the
merits.


 SIGNED on this 10th day of January, 2000.

 

 Fred Garza

 PRESIDING JUDGE


 Appellants present two issues for review. The first issue asserts
that the trial court abused its discretion in granting the temporary
injunction based upon the total lack of evidence adduced by the
appellees in support of their application for temporary injunction. The
second issue asserts that the order is void on its face for failure to
comply with the provisions of Rule 683 of the Texas Rules of Civil
Procedure.

 Because appellees have not filed a brief in this court, we may
accept as true the statements made in appellants' brief as to the facts. 
Tex. R. App. P. 38.1(f). The sole question before this Court then
becomes, whether under the facts stated in appellants' brief, or as
revealed on the face of the order itself, the trial court abused its
discretion in entering the temporary injunction order. We address the
more fundamental second issue because it is without a doubt
dispositive of the appeal.



 Rule 683 of the Texas Rules of Civil Procedure provides as follows:

 

 Every order granting an injunction and every
restraining order shall set forth the reasons
for its issuance; shall be specific in terms;
shall describe in reasonable detail and not
by reference to the complaint or other
document, the act or acts sought to be
restrained; and is binding only upon the
parties to the action, their officers, agents,
servants, employees, and attorneys, and
upon those persons in active concert or
participation with them who receive actual
notice of the order by personal service or
otherwise.

 

 Every order granting a temporary injunction
shall include an order setting the cause for
trial on the merits with respect to the
ultimate relief sought. The appeal of a
temporary injunction shall constitute no
cause for delay of the trial. 

 

 The Texas Supreme Court has held that "[t]he requirements of
Rule 683 are mandatory and must be strictly followed." Interfirst Bank
San Felipe, N.A. v. Paz Construction Company, 715 S.W.2d 640, 641
(Tex. 1986); Liberty Mutual Ins. Co. v. Mustang Tractor & Equipment
Co., 812 S.W.2d 663, 667 (Tex. App.--Houston [14th Dist.] 1991, no
writ). The failure to meet the requirements constitutes reversible error. 
Southwestern Bell Tel. v. Gravitt, 522 S.W.2d 531, 532 (Tex. Civ. App.--San Antonio 1975, no writ); General Homes Inc. v. Wingate Civic Ass'n,
616 S.W.2d 351, 353 (Tex. Civ. App.--Houston [14th Dist.] 1981, no
writ). A failure to adhere to the requirements of the rule will subject the
order to being declared void and dissolved. Interfirst Bank San Felipe,
N.A., 715 S.W.2d at 641; Long v. Long, 814 S.W.2d 227, 228 (Tex.
App.--San Antonio 1991, no writ); Corpus Christi Caller-Times v.
Mancias, 794 S.W.2d 852, 854 (Tex. App.--Corpus Christi 1990, orig.
proceeding)(injunction order was void for failing to contain required trial
date); see also Greathouse Ins. Agency, Inc. v. Tropical Investments,
Inc., 718 S.W.2d 821, 822 (Tex. App.--Houston [14th Dist.] 1986, no
writ).

 Examination of the temporary injunction order entered by the trial
court clearly reveals a total failure to set forth the reason for its
issuance. Additionally, the order does not attempt to set the cause for
trial. Other reasons advanced by appellants in support of a finding of
voidness also have merit. We, however, do not detail them. We
sustain appellants' second contention.

 Where a temporary injunction is issued and does not conform to
rule 683, the nonconformity constitutes an abuse of discretion. Smith
v. Hamby, 609 S.W.2d 866, 868 (Tex. Civ. App.--Fort Worth 1980, no
writ); Diversified, Inc. v. Turner, 650 S.W.2d 175, 176 (Tex. App.--Houston [14th Dist.] 1983, no writ).

 Accordingly, we reverse the judgment of the trial court and
dissolve the temporary injunction order.


 ANTONIO G. CANTU

 Justice


Do not publish. 

Tex. R. App. P. 47.3


Opinion delivered and filed


this the 6th day of July, 2000.


1. Justice Antonio G. Cantu assigned to this Court by the Chief Justice of the Supreme Court pursuant to Tex.
Gov't Code Ann. § 74.003 (Vernon 1998).

2. [2]See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (a)(4) (Vernon Supp. 2000).