**Dismissed in Part; Reversed in Part; Remanded; and Opinion filed January 24, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00733-CV

---

## JAY & VMK, CORP. AND JOHN KELLY, Appellants

## V.

## CRISTINA LOPEZ AND HUMANITARIAN FINANCIAL, INC., Appellees

---

### On Appeal from the 164th District Court
### Harris County, Texas
### Trial Court Cause No. 2015-34625

---

## O P I N I O N

In this suit for the return of the purchasers' earnest money after the sale of an assisted-living facility failed to close, the purchasers applied for the appointment of a receiver over the corporate seller and the corporation's assets. The purchasers based this request on the general receivership statute on the ground that the purchasers are creditors with a probable interest in the property, which is in danger of being lost, removed or materially injured because the majority shareholder has a

medical condition that the purchasers fear will cause her to mismanage the property. In response, the majority shareholder resigned as the corporation's co-director, whereupon the purchasers argued that the resignation was a fraudulent transfer entitling them to appointment of a receiver under the Texas Uniform Fraudulent Transfer Act ("TUFTA").[1] The trial court appointed a receiver without stating the grounds for its ruling.

The corporation and its remaining director appeal two orders related to the purchaser's application for appointment of a receiver. Because the first order they challenge granted no relief and additionally has been superseded, it is not subject to an interlocutory appeal. We accordingly dismiss that part of the appeal for want of jurisdiction. The second order appointed a receiver and is therefore appealable; however, the order cannot be sustained under the provision of the general receivership statute on which the purchasers relied because that provision applies only if the applicant is a secured creditor. Although the purchasers assert a claim for equitable subrogation, there is no evidence that they currently have a lien on the property. Finally, there is no evidence of a fraudulent transfer.

Because no evidence supports the alleged predicates for appointment of a receiver under the general receivership statute or under TUFTA, we hold that the trial court abused its discretion in appointing a receiver. We therefore reverse the trial court's order and remand the cause for further proceedings consistent with this opinion.

## I. BACKGROUND

Cristina Lopez allegedly paid Regulatory Licensing & Compliance, LLC ("RLC") $300,000 to aid her in purchasing an assisted-living facility. RLC

---

[1] TEX. BUS. & COM. CODE ANN. §§24.001–.013.

2

recommended that Lopez make an offer to purchase Highland House Assisted Living Facility for $1.35 million.

Highland House and the improved real estate from which it operates are owned by Jay & VMK, Corp. ("VMK"). VMK, in turn, is owned by John and Vassie Kelly. Vassie owns 51% of VMK's shares, and her husband John owns the remaining 49% of the company.[2] Vassie is VMK's president; John is VMK's vice-president; and the couple were co-directors of the company until Vassie's resignation in August 2017.

In March 2015, the Kellys and VMK agreed to sell the real estate and their interest in all licenses, permits, leases, security deposits, and transferable trade names to Lopez and Humanitarian Financial, Inc. ("the Lopez Parties") for $1.35 million. The contract contained a provision requiring the Lopez Parties to pay earnest money of $410,000.00 and stating, "Mrs. Vassie Kelly is responsible for paying all debt in conjunction with the said property from the $400,000.00 she is holding in escrow." Although the sale failed to close as agreed, the Kellys and VMK have so far refunded only $200,000.00 of the earnest money to the Lopez Parties.

The Lopez Parties demanded that RLC either cause the sale to close or refund the $300,000 they had paid for RLC's consultation services. In response, RLC sued the Lopez Parties in the 164th Judicial District Court in Harris County, seeking a declaratory judgment that no refund is owed. The Lopez Parties then sued John, Vassie, VMK, RLC, and RLC's owner Bertram Turner in the 80th Judicial District

---

[2] Because the Kellys share the same last name, we refer to them by their respective first names.

Court in Harris County. The two cases were consolidated in the 164th Judicial District Court.[3]

After the consolidation, the Lopez Parties filed a "First Amended Application for Appointment of Receiver, or in the Alternative, Request for Injunctive Relief." In this First Amended Application, the Lopez Parties asked the trial court to appoint a receiver over the improved real estate and the assisted-living facility's business (defined in the First Amended Application as "the Property"), or alternatively, to enjoin Vassie "from making any decisions in regard to the Property." The Lopez Parties set the Application to be heard four days later at the hearing already set for the VMK's and the Kellys' counsel's motion to withdraw. As grounds for the First Amended Application, the Lopez Parties asserted that Vassie had failed to appear for a deposition based on a letter from her physician stating that she had been diagnosed with bipolar disorder and that a deposition would "cause her severe psychological pressure." The Lopez Parties argued that "if [Vassie] is not mentally healthy enough to attend a deposition . . . , and you add in the stress of finding new counsel, she cannot be trusted to run the only asset of value the Defendants own."

On July 27, 2017, several months after the initial hearing, the trial court signed an order that contained a checkbox before each of the Lopez Parties' alternative requests for relief from their First Amended Application, as follows:

> After considering Plaintiffs Cristina Lopez and Humanitarian Financial, Inc.'s First Amended Application for Appointment of Receiver, or in the Alternative, Request for Injunctive Relief, the response, and arguments of counsel, the Court:

---

[3] In the course of this proceeding, Turner and RLC petitioned this court for a writ of mandamus to compel the trial court to disqualify the Lopez Parties' counsel, and although we denied mandamus, the Supreme Court of Texas conditionally granted the writ. *See In re Turner*, 513 S.W.3d 862, 862 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (per curiam), *mand. granted*, 542 S.W.3d 553 (Tex. 2017)

☐ GRANTS the appointment of a receiver over the property located at 710 North Main Street, Highlands, Harris County, Texas 77562 and the associated business (the "Property"); or

☐ GRANTS a writ of injunction completely barring Vassie M. Kelly from managing, running or having any interaction with the Property, directly or indirectly through JAY AND VMK, CORP. or in her capacity as an individual.

IT IS FURTHER ORDERED that this Order will remain in effect until further order of this Court.

Although the trial court signed and dated the order, it did not check a box granting either of the alternative requests for relief. We therefore refer to this as the Preliminary Order.[4] John and VMK filed a notice of appeal within twenty days after the trial court signed the Preliminary Order.

Shortly after the trial court signed the Preliminary Order, the Lopez Parties filed an unverified "Motion for Entry of First Amended Order Appointing Receiver" in which they asked the trial court to sign their proposed order appointing Terri Clifton as receiver. The same day that the Lopez Parties filed this motion, Vassie resigned as a co-director of VMK. At the same time, the company reduced the number of directors to one, leaving John as VMK's sole director.

John and VMK then jointly filed both a response to the Lopez Parties' motion and a separate motion to set aside the Preliminary Order. In John and VMK's motion, they argued that the Preliminary Order should be set aside because, *inter alia*, there is no evidence that the Lopez Parties have a lien on the Property, and in any event, the alleged danger that Vassie would mismanage the Property was rendered moot when she resigned the co-directorship.

---

[4] Although the Lopez Parties failed to file a brief in this appeal, we note that, in the trial court, they too referred to the order of July 27, 2017, as a "preliminary order" or "a placeholder."

In response, the Lopez Parties argued that (a) John and VMK waived the right to raise these arguments by failing to appear at the hearing on the Lopez Parties' First Amended Application,[5] (b) entering the Lopez Parties' proposed First Amended Order would cure the procedural defects, and (c) the Property is now subject to a receiver on the additional ground that Vassie's resignation of her position as VMK's co-director is a fraudulent transfer justifying imposition of a receiver under TUFTA.

After a second hearing, the trial court signed a First Amended Order Appointing Receiver. The First Amended Order appointed Gerald W. Womack as the Property's receiver; thus, we refer to this order as the Receivership Order. The Receivership Order set the amount of the applicants' bond at $2,000 and required no receiver's bond.

## II. JURISDICTION

John and VMK raise three issues challenging only the trial court's Preliminary Order and five issues challenging the Receivership Order instead of, or in addition to, the Preliminary Order. Because the issues presented address both orders, we begin by clarifying the scope of our jurisdiction.

John and VMK filed a notice of accelerated appeal of the Preliminary Order pursuant to Texas Civil Practice and Remedies Code section 51.014, subsections (a)(1) and (a)(4). These provisions authorize an interlocutory appeal from, respectively, an order appointing a receiver and an order granting a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1), (a)(4). The Preliminary Order, however, did not actually appoint a receiver or enjoin any

---

[5] Later, however, the trial court held a second hearing at which John and VMK, through counsel, appeared and presented argument.

conduct. It expressed the trial court's intention to grant unspecified relief, but the trial court did not actually grant any relief until it signed the Receivership Order two months later. Because the Preliminary Order neither appointed a receiver nor granted or refused a temporary injunction, Texas Civil Practice and Remedies Code section 51.014 does not authorize an interlocutory appeal of the order. John and VMK's notice of appeal accordingly was premature.

A premature notice of appeal in a civil case is "deemed filed on the day of, but after, the event that begins the period for perfecting the appeal." TEX. R. APP. P. 27.1. The event that began the period for perfecting the appeal was the trial court's signing of the Receivership Order on September 25, 2017. Because the Receivership Order appoints a receiver, an interlocutory appeal of that order is authorized by Texas Civil Practice and Remedies Code section 51.014(a)(1). We accordingly granted John and VMK's motion to review that order, and we treat their premature notice of appeal as though it had been filed on the same day as, but after, the Receivership Order was signed. We therefore have jurisdiction to review the Receivership Order, although we lack jurisdiction to review the Preliminary Order which granted no relief.

We lack jurisdiction to review the Preliminary Order for the additional reason that it has been superseded by the Receivership Order, and thus, the issues raised concerning the Preliminary Order are moot. We cannot address moot issues because we lack jurisdiction to render advisory opinions. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam); *Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *cf. Smith v. Smith*, 681 S.W.2d 793, 797 (Tex. App.—Houston [14th Dist.] 1984, no writ) (appeal from a superseded order presents nothing for review).

We accordingly dismiss for want of jurisdiction those portions of John and VMK's appeal challenging the trial court's Preliminary Order, and we review the merits only of the Receivership Order.

### III. APPOINTMENT OF A RECEIVER

We review an order appointing a receiver for abuse of discretion. *See Smith*, 681 S.W.2d at 795. A trial court abuses its discretion if it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

John and VMK phrased their sixth issue, "Did the trial court abuse its discretion in issuing the [Receivership Order] when it fails to comply with multiple requirements imposed by the Rules of Civil Procedure?" The issue actually briefed, however, was, "The trial court abused its discretion by appointing a receiver when [the Lopez Parties] have no basis to request a receivership."[6] That issue is dispositive of this appeal.

### A. Appointment Under the General Receivership Statute

The Lopez Parties moved for appointment of a receiver under Texas Civil Practice and Remedies Code section 64.001(a)(2), which authorizes a court to appoint a receiver "in an action by a creditor to subject any property or fund to his claim" if the creditor has "a probable interest in or right to the property or fund" and the property or fund is "in danger of being lost, removed, or materially injured." TEX. CIV. PRAC. & REM. CODE ANN. § 64.001(a)(2), (b).

As used in section 64.001, "creditor" does not encompass all of a property owner's creditors. Shortly after the statute was first enacted in 1887, the Supreme

---

[6] Full capitalization removed.

Court of Texas construed this provision to clarify that "creditor" must refer only to a secured creditor:

> [W]e think this statute, notwithstanding the broad terms in which it is couched, is not to be construed as applying to every case in which a creditor seeks to secure the satisfaction of a debt, and in which there is danger that the funds or property belonging to the debtor will be lost or destroyed. Such a construction would allow the appointment of a receiver in an ordinary action at law for the recovery of a debt. We cannot think that the legislature intended such a radical departure from the old-established principles of the common law, and from the long-settled practice of the courts in our state. Was it intended that, whenever a debtor failed to meet his obligation, he should be liable to have his property credits [sic] put into the hands of a receiver, merely because there might exist danger of its being lost, removed, or physically impaired? We think not. The act must be construed as applying only to the funds and property upon which the creditor has a lien for the satisfaction of his debt.

*Carter v. Hightower*, 79 Tex. 135, 137, 15 S.W. 223, 224 (1890).

Since this provision was construed in *Carter*, it has been "uniformly held that a creditor, to be entitled to a receivership, must be a secured creditor." *Parr v. First State Bank of San Diego*, 507 S.W.2d 579, 582 (Tex. App.—San Antonio 1974, no writ). A receivership is authorized only as to the specific property or funds to which the lien extends. *Junkin v. Sterchi Furniture Co.*, 92 S.W.2d 1098, 1101 (Tex. App.—San Antonio 1936, no writ). The construction of this provision to authorize a receivership only of the property or funds on which the applicant already has a lien "appears never to have been questioned." *Pelton v. First Nat'l Bank of Angleton*, 400 S.W.2d 398, 400 (Tex. App.—Houston 1966, no writ). And, by repeatedly reenacting the statute and retaining the reference to "an action . . . by a creditor to subject any property or fund to his claim," the legislature demonstrated its intention that the statute "be given that interpretation which has been settled by the courts." *See F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 692 (Tex. 2007).

9

The Lopez Parties, however, neither alleged nor offered evidence that they have a security interest in the Property.[7] They instead argued that "[t]he doctrine of equitable subrogation allows a party who would otherwise lack standing to step into the shoes of and pursue the claims belonging to a party with standing." They claim that they paid the earnest money to Vassie, and they alleged—but offered no evidence—that Vassie used the money "to pay off Defendants' debts, which Defendants owed." Based on this unsupported allegation, the Lopez Parties asserted the right to step into the shoes of these unidentified creditors—who, like the Lopez Parties, were not alleged or shown to be secured creditors.

Evidentiary shortcomings aside, however, the irremediable defect in the Lopez Parties' position is that an equitable subrogation claim is not the same thing as a lien. Equitable subrogation is a right, but it requires a court order to become a security interest. *See Richards v. Suckle*, 871 S.W.2d 239, 241–42 (Tex. App.—Houston [14th Dist.] 1994, no writ); *Johnson v. Koenig*, 353 S.W.2d 478, 483 (Tex. App.—Austin 1962, writ ref'd n.r.e.). As stated in language adopted by the Supreme Court of Texas, "subrogation is not self-executing; it must be asserted at some proceeding." *Chi. Title Ins. Co. v. Lawrence Invs., Inc.*, 782 S.W.2d 332, 334 (Tex.

---

[7] Although there is no reporter's record of the first hearing on the Lopez Parties' First Amended Application, "we generally presume that pretrial hearings are nonevidentiary unless 'the proceeding's nature, the trial court's order, the party's briefs, or other indications show that an evidentiary hearing took place in open court.'" *Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 910 (Tex. 2017) (quoting *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 782 (Tex. 2005)). There is no indication in the record that the trial court held an evidentiary hearing. To the contrary, after the first hearing, the trial court signed its Preliminary Order, which states only that the trial court considered the Lopez Parties' "[First Amended Application], the response, and arguments of counsel." The Lopez Parties later filed their Motion for Entry of First Amended Order Appointing Receiver, to which they attached no evidence. That motion was heard at the second hearing, and the reporter's record of the second hearing shows that it too was non-evidentiary. Further, if the Lopez Parties were secured creditors, their equitable-subrogation and fraudulent-transfer arguments, discussed *infra*, would have been superfluous.

10

App.—Fort Worth 1989, writ ref'd). Our sister court explained the process as follows:

> [B]y paying the debt of another person the payor does not *ipso facto* become subrogated to the rights of the creditors since he acquires only a right to subrogation which must be affirmatively asserted before the equitable assignment can actually take effect which right can only be established by a judicial proceeding.

*Johnson*, 353 S.W.2d at 483.

The Lopez Parties neither alleged nor proved that a pre-existing court order or judgment granted them a security interest in the Property or equitably assigned to them the security interest of another. They could pursue a claim for such an equitable assignment or an equitable lien in this case, but they did not show in connection with their application for appointment of a receiver that such an assignment or lien already exists. Because no Lopez Party was shown to have a pre-existing security interest in the Property, none is a "creditor" as that term is used in Texas Civil Practice and Remedies Code section 64.001. We therefore hold that the trial court abused its discretion in granting the Lopez Parties' application for appointment of a receiver on this basis. *See In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding) ("[A] trial court abuses its discretion when it fails to analyze or apply the law correctly." (citing *In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding))).

## B.    Appointment Under the Texas Uniform Fraudulent Transfer Act

Although John and VMK do not expressly challenge the argument, made in the Lopez Parties' response to John and VMK's motion to set aside the Preliminary Order, that a receivership is warranted because Vassie's resignation of her position as a co-director of VMK is a fraudulent transfer, we briefly address that argument for two intertwined reasons. First, this matter is subsidiary to, and encompassed by,

John and VMK's arguments that no evidence supports the appointment of a receiver and that the Lopez Parties had no basis on which to request the appointment. Second, the fraudulent-transfer argument is in some measure eliminated by the matters we already have addressed.

After the trial court signed the Preliminary Order, the Lopez Parties moved for entry of a First Amended Order. John and VMK then moved to set aside the Preliminary Order, and in response, the Lopez Parties argued that the trial court "has already approved the appointment of a receiver" and, by Vassie's resignation as VMK's co-director, "Defendants are merely attempting to hinder the progress in this case." But the Lopez Parties' factual premise is mistaken: as previously explained, the Preliminary Order neither approved the appointment of a receiver nor indicated that the trial court would appoint a receiver rather than granting the Lopez Parties' request for a temporary injunction. Although it appears to have been the Lopez Parties' position that Vassie's resignation was fraudulent in that it was intended to avoid the effect of the Preliminary Order, there was in reality nothing to avoid because the Preliminary Order granted no relief. Indeed, that is why the Lopez Parties asked the trial court to sign an amended order.

Moreover, the Lopez Parties presented no basis on which to request a receivership under TUFTA. The Lopez Parties quoted the Act's language stating that a transfer is fraudulent if made with the "intent to hinder, delay, or defraud *any creditor of the debtor*," *see* TEX. BUS. & COM. CODE ANN. § 24.005(a)(1) (emphasis added), but they argued that Vassie's resignation as co-director was intended "to hinder *the progress in this case*" (emphasis added). Hindering the "progress in this case" differs from hindering a creditor because the relief the Lopez Parties were then pursuing "in this case" was relief to which neither was entitled as a "creditor." Further, the Lopez Parties did not explain how Vassie's resignation as VMK's co-

12

director could possibly hinder the progress of this case, much less "hinder, delay, or defraud" any creditor. Certainly the Lopez Parties do not claim that, as creditors or as plaintiffs, they have some right or interest in Vassie's continuing directorship of the company. Indeed, they advocated the opposite position by asking the trial court to enjoin Vassie "from making any decisions in regard to the Property." By resigning as co-director, Vassie did no more than voluntarily grant the Lopez Parties a portion of the relief they requested.

The Lopez Parties also identified no transaction constituting a "transfer." "'Transfer' means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." *Id.* § 24.002(12). "'Asset' means property of a debtor . . . ." *Id.* § 24.002(2). "'Property' means anything that may be the subject of ownership." *Id.* § 24.002(10). The Lopez Parties neither alleged nor proved that the co-directorship was "property" that was "owned" by Vassie. Although the Lopez Parties attempted to characterize her resignation as a "transfer of the controlling interest" in the company or even as "[t]ransferring the ownership of Jay and VMK, Corp., from Mrs. Kelly to Mr. Kelly," they neither alleged nor proved that Vassie transferred, encumbered, or in any way parted with any interest in her shares. To the contrary, they admit that Vassie owned the majority of shares in VMK before resigning as co-director and continued to do so after resigning.

Finally, the argument is circular: a receivership cannot be justified on the ground that a party took steps to eliminate the claimed justification for imposing a receivership.

We hold that, as a matter of law, the trial court clearly abused its discretion in appointing a receiver under these circumstances. We therefore partially sustain John and VMK's sixth issue.

## IV. CONCLUSION

We lack jurisdiction to review the trial court's Preliminary Order because (a) it granted no relief, and (b) it has been superseded by the Receivership Order. We therefore dismiss the portions of John and VMK's appeal in which they challenge the Preliminary Order. We further hold that the trial court abused its discretion as a matter of law in appointing a receiver over the Property at issue. We accordingly reverse the Receivership Order and remand the cause for further proceedings consistent with this opinion.

/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Jewell, and Hassan.