**Dismissed in Part; Affirmed in Part; and Opinion filed June 27, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00725-CV

---

## IN THE INTEREST OF N.H.N., A CHILD

**On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 2014-07634**

## O P I N I O N

In this appeal from a father's motion to modify an agreed order respecting child support, Father contends that the trial court erred in failing to order Mother to pay him child support based on a material and substantial change in circumstances. He also challenges the trial court's failure to award him child support in pre- and post-judgment temporary orders. Because Father's attempted appeal of the pre-judgment temporary order was rendered moot by the trial court's final judgment, we dismiss that part of Father's appeal. Finding no abuse of discretion in the other challenged rulings, we affirm the trial court's final judgment and its denial of father's motion for temporary orders pending appeal.

## I. BACKGROUND

Father and Mother share one child, whom we refer to as Nestor.[1]  Nestor's parents divorced in July 2010, and in September 2014, they agreed to a modification in the decree as it pertained to child support, possession and access, and conservatorship.  At that time, Nestor lived with his father in DeKalb County, Georgia, and Nestor's mother resided in Harris County, Texas, where she continues to reside today.  Although she was not required to do so under the modification, Mother voluntarily paid Father $200 per month for Nestor's benefit while Father and Nestor lived in Georgia.

Father subsequently moved with Nestor to Orange County, California, and for several months, Mother voluntarily paid Father $400 per month for Nestor's benefit.  When she ceased these payments, Father moved to modify the September 2014 agreement, particularly as it concerns child support.  Mother filed a counter-petition in which she, too, asked to be awarded child support; however, she abandoned that request before trial.[2]

After a bench trial, the trial court failed to find that the circumstances of Nestor or of a person affected by the September 2014 order had materially and substantially changed since that order was rendered.  The trial court therefore did not modify the September 2014 order concerning child support.  Father filed a notice

---

[1] To increase readability while protecting the child's identity, we refer to him by a pseudonym.

[2] Father and Mother reached an agreement regarding all issues of possession, access, and conservatorship, and their agreement is incorporated in the judgment.  Regarding the costs of the child's travel, each parent was required under the 2014 agreed order to bear the expense of the child's travel to that parent, so in effect, each parent bore half the child's expenses for round-trip travel.  At trial, Father asked for the child's travel expenses to be shared equally, and in accordance with that request, the trial court did not modify that portion of the 2014 order.

of appeal, and subsequently moved unsuccessfully for a temporary order of child support pending appeal.

In Father's first issue, he contends that the trial court could not find, and Mother could not properly allege, that there has been no material change in circumstances, because Mother filed a counter-petition requesting the same relief that Father requested, namely, the payment of child support. In his second issue, Father contends that the trial court abused its discretion denying his motions for pre- and post-judgment temporary orders for child support and in failing to award Father child support in the final judgment.

## II. EFFECT OF MOTHER'S COUNTER-PETITION

Father first contends that by filing a counter-petition requesting child support and the right to establish the child's primary residence, Mother judicially admitted that there has been a material and substantial change in circumstances, and thus, he was not required to prove such a change. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000) (a party's judicial admission bars that party from disputing the admitted fact and relieves the party's adversary of the burden of proving the admitted fact). We disagree.

"Assertions of fact, not plead[ed] in the alternative, in the live pleadings of a party are regarded as formal judicial admissions." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (quoting *Hous. First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983)). And as the Supreme Court of Texas has repeatedly stated, "a judicial admission must be a clear, deliberate, and unequivocal statement." *PPG Indus., Inc. v. JMB/Hous. Ctrs Partners Ltd. P'ship*, 146 S.W.3d 79, 95 (Tex. 2004); *Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 905; *Regency Advantage Ltd. P'ship v. Bingo Idea-Watauga, Inc.*, 936 S.W.2d 275, 278 (Tex. 1996) (per curiam). But, Mother did not state in her live pleadings that there had

been any change in circumstances. She stated only that "[Mother] should be designated as the conservator who has the exclusive right to designate the primary residence of the child. The residence of the child should be restricted to Harris County and its geographically contiguous counties," and Father "is obligated to support the child and should be ordered by the Court to make payments for the support of the child and to provide medical child support in the manner specified by the Court." Mother alleged no facts in support of these requests, which she later abandoned, instead stipulating to Father's exclusive right to designate the child's primary residence.

Because Mother did not judicially admit to a material and substantial change in circumstances, Father was not relieved of the burden to prove such a change. We overrule Father's first issue.

## III. EVIDENTIARY SUFFICIENCY

In his second issue, Father asks us to hold that the trial court abused its discretion by failing to order child support "at the temporary orders hearing, the bench trial or at the hearing for temporary orders pending appeal." For the reasons set forth below, we may not review the trial court's pre-judgment denial of a temporary order for child support, and we conclude that the trial court did not abuse its discretion in denying Father's request for child support both in the trial court's final judgment and in its ruling denying Father's request for temporary orders pending appeal.

## A. Review of Temporary Orders

After a trial court renders a final judgment, any pre-judgment temporary orders become moot and are not subject to appellate review. *See In re Marriage of Harrison*, 557 S.W.3d 99, 132 n.26 (Tex. App.—Houston [14th Dist.] 2018, pet.

4

denied) (sub. op. on denial of reh'g).  We cannot address moot issues because we lack jurisdiction to render advisory opinions. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam); *Jay & VMK, Corp. v. Lopez*, 572 S.W.3d 698, 703 (Tex. App.—Houston [14th Dist.] 2019, no pet.).  We accordingly dismiss this part of Father's appeal.

After bringing this appeal, Father filed a motion seeking a temporary order for child support during the pendency of this appeal.  *See* TEX. FAM. CODE ANN. § 109.001.  Although Father's motion was untimely,[3] the trial court held a hearing on the motion and denied it on the merits before its jurisdiction to rule expired.[4]

Section 109.001(c) provides that "[a] temporary order rendered under this section is not subject to interlocutory appeal," and although there was a split of authority among the courts of appeals on the issue, this court previously construed subsection (c) to mean that a trial court's ruling on a motion for temporary orders pending appeal is reviewable only by mandamus.  For example, in *In re Marriage of Koenig* (*Koenig I*), No. 14-16-00369-CV, 2016 WL 5491428 (Tex. App.—Houston [14th Dist.] Sept. 29, 2016, no pet.) (per curiam) (mem. op.), a father brought a separate interlocutory appeal challenging a temporary order under section

---

[3] A motion for an original temporary order pending appeal "may not be filed by a party after the date by which that party is required to file the party's notice of appeal under the Texas Rules of Appellate Procedure."  TEX. FAM. CODE ANN. § 109.001(b-1)(2).  The trial court rendered judgment on June 1, 2017, and because Father filed a motion for a new trial, his notice of appeal was due ninety days after judgment, that is, on August 30, 2017.  *See* TEX. R. APP. P. 26.1.  On request, the appellate court may extend the time to file for an additional fifteen days.  *See* TEX. R. APP. P. 26.3.  Thus, Father's motion for a temporary order pending appeal was due not later than September 15, 2017.  Father filed the motion on September 19, 2017, four days after it was due.

[4] *See* TEX. FAM. CODE ANN. § 109.001(b)(2) ("The trial court retains jurisdiction to conduct a hearing and sign a temporary order under this section until the 60th day after the date any eligible party has filed a notice of appeal from final judgment under the Texas Rules of Appellate Procedure.").  Father filed his notice of appeal on September 11, 2017, and the trial court denied the motion for temporary orders pending appeal on October 10, 2017, well within this time frame.

109.001, and we dismissed the appeal for want of jurisdiction, citing section 109.001(c). *Id.* at *1. When the father challenged the temporary order as part of his direct appeal from the final judgment, we dismissed the challenge on the same grounds, again citing section 109.001(c). *See In re Marriage of Koenig* (*Koenig II*), No. 14-16-00319-CV, 2017 WL 2704081, at *2 (Tex. App.—Houston [14th Dist.] June 22, 2017, no pet.) (mem. op.).

Section 109.001 has since been amended to add subsection (b-5), which states, "A party may seek review of the trial court's temporary order under this section by: (1) petition for writ of mandamus; or (2) proper assignment in the party's brief." TEX. FAM. CODE ANN. § 109.001(b-5). Given that a party can challenge a trial court's order under section 109.001 by "proper assignment in the party's brief" in the pending appeal, we must construe section 109.001(c) to bar review of a temporary order only through an accelerated interlocutory appeal, and not to bar review as part of a direct appeal from the final judgment. *See In re Moore*, 511 S.W.3d 278, 286 (Tex. App.—Dallas 2016, no pet.) ("Subsection (c) does not prohibit all appeals; it prohibits only interlocutory appeals from temporary orders. . . . We construe this to mean only that an accelerated appeal of a temporary order, separate from the appeal from the final judgment, is statutorily prohibited."); *In re Merriam*, 228 S.W.3d 413, 415 (Tex. App.—Beaumont 2007, no pet.) (pointing out that the construction of 109.001(c) to mean that an appellate court cannot review the denial of a motion for temporary orders as part of the pending appeal "does not distinguish between an accelerated appeal and the pending appeal from the final judgment"). To the extent that *Koenig II* or our other decisions hold that a temporary order pending appeal pursuant to Texas Family Code section 109.001 is not reviewable as part of that pending appeal from the final judgment, we consider that

holding to be superseded by statute. We accordingly may review the ruling on Father's post-judgment motion for temporary orders pending appeal.

Because the trial court's ruling on Father's post-judgment motion and in the final judgment both deny Father's request for child support, we address the merits of those rulings together.

## B.     Failure to Find a Material and Substantial Change of Circumstances

Father challenges the trial court's failure to find that a material and substantial change in his circumstances had occurred after September 15, 2014, when the order respecting child support was modified by agreement. The 2014 order required each parent to be responsible for Nestor's support only when Nestor was in that parent's possession, and the trial court did not modify that requirement in this proceeding.

Where, as here, the order that is sought to be modified is an agreed order that does not comport with child-support guidelines, the trial court may modify the order "only if the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition." TEX. FAM. CODE ANN. § 156.401(a-1). The party requesting the modification bears the burden to show such a change in circumstances. *See Rumscheidt v. Rumscheidt*, 362 S.W.3d 661, 667 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *In re D.S.*, 76 S.W.3d 512, 522 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

We review the challenged ruling for abuse of discretion. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). The test for abuse of discretion is whether the court acted arbitrarily or unreasonably, that is, without reference to guiding rules and principles. *Id.* Under this standard, the legal and factual sufficiency of the evidence are not independent grounds of error but are

merely factors in determining whether the trial court abused its discretion. *London v. London*, 192 S.W.3d 6, 14 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

Because the trial court failed to find a material and substantial change of circumstances—an issue on which Father bore the burden of proof—the evidence is legally insufficient only if it conclusively establishes that there has been such a change. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). In making this determination, we must view the evidence in the light most favorable to the trial court's actions and indulge every legal presumption in favor of the judgment. *In re D.S.*, 76 S.W.3d at 516. We also bear in mind that the trial court is the sole judge of the witnesses' credibility and the weight to be given to the evidence. *See London*, 192 S.W.3d at 14. When considering the factual sufficiency of the evidence of a material and substantial change of circumstances, we review the entire record to determine whether the great weight and preponderance of the evidence show that there has been such a change. *See Dow Chem. Co.*, 46 S.W.3d at 242.

Comparing the evidence of the parties' finances in 2014 with their finances at the time the trial court ruled, Mother's tax returns show that she continues to be self-employed, and that her net income in 2014 was $24,553, or $2,046 per month. Her 2016 tax return is nearly the same, showing a net income of $24,588—an increase of $3 per month.

Although Father offered evidence that his expenses increased and his earnings decreased after the order respecting child support was last modified in 2014, the trial court apparently did not find Father's evidence credible. According to Father's 2014 tax return, Father earned wages of $55,000, and from his wholly owned corporation, At Tiffanys Nail Shop, Inc., he received the net amount of $44,337, for a total of $99,337, or $8,278 per month. At trial, Father testified that he now earns about

8

$33,000 year, and has no income from the corporation because he gave the company to his sister and brother-in-law. Although he initially testified that the corporation was no longer making money, he later admitted that the company was profitable and that it continued to make money for the alleged new owners. In this version of events, Father gave the company away because he was moving, and he testified that he moved to California in August 2015. But, Father's 2015 tax return lists the same Georgia address as his 2014 tax return. The trial court presumably disbelieved Father's evidence that he gave away the company and has a reduced income.

There were other discrepancies in Father's financial evidence. He testified that when he first moved to California, he paid monthly rent of $750, but that he moved to a new address on the same day that he testified, and that his rent would now be $1,200 per month. He stated that he gave Mother and the court only two weeks' notice of the move because he did not know any earlier that he would be moving. But, more than two months before trial, Father filed a Financial Information Statement in which he stated that he already was paying rent of $1,200 per month. Presumably, the trial court did not credit Father's testimony about the increase in his expenses.

Father also testified that Mother had voluntarily been paying him $400 a month in child support, and that he sued for modification only when she stopped making these voluntary payments. But, "[a] history of support voluntarily provided in excess of the court order does not constitute cause to increase the amount of an existing child support order." Tex. Fam. Code Ann. § 156.403.

Finally, Father testified that the cost of living is higher in California than in Texas or Georgia. But without any evidence of the extent of the increase, the trial court was not required to find that the increase was "material and substantial." *See also id.* § 156.103(b) ("The payment of increased expenses *by the party whose*

9

*residence is changed* is rebuttably presumed to be in the best interest of the child." (emphasis added)).

On this record, and according due deference to the trial court's credibility determinations, we cannot say that the trial court clearly abused its discretion in failing to find a material and substantial change in circumstances sufficient to modify the parties' child-support obligations. We overrule Father's second issue.

## IV. CONCLUSION

Having overruled both issues presented for our review, we affirm the trial court's judgment.

/s/    Tracy Christopher
        Justice

Panel consists of Justices Christopher, Bourliot, and Zimmerer.