**Petition for Writ of Mandamus Conditionally Granted and Memorandum Majority and Dissenting Opinions filed April 30, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00283-CV

---

## IN RE SPRING CREEK RANCH COMMUNITY ASSOCIATION, INC., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-74251**

---

## MEMORANDUM MAJORITY OPINION

On April 21, 2023, relator Spring Creek Ranch Community Association, Inc. filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Latosha Lewis Payne, presiding judge of the 55th District Court of Harris County, to vacate her order denying its motion to designate two entities as responsible third parties and also to grant relator's motion to designate

those entities as responsible third parties. For the reasons discussed below, we conditionally grant the petition.

## BACKGROUND

The underlying trial court proceeding is a lawsuit filed by Randy and Karen Acree against relator and a variety of other defendants associated with the Spring Creek Ranch subdivision. The Acrees purchased real property in the subdivision in September 2018. Shortly after the purchase, the Acrees alleged that they noticed their property flooding after a rain event, and they later noticed that the flooding would repeat when other rain events occurred. They allege this flooding was attributable to two amenity lakes on property owned by relator as well as relator's allowing improvements on nearby properties and failing to adhere to its own regulations and documentation. On October 19, 2019, the Acrees filed their original petition in the trial court proceeding, which included requests for disclosure directed at relator and the other defendants then in the case.

On June 20, 2022, relator filed a motion for leave to designate SC Ranch LP and Harris County as responsible third parties.[1] At a hearing on that motion on August 15, 2022, the trial court verbally instructed relator to plead additional facts in support of the designation. Relator filed an amended motion on August 24, 2022.[2] The amended motion alleged, among other things, that SC Ranch LP had begun excavating the site of the amenity lakes no earlier than 2002, when the Harris County Engineering Division observed those activities. In addition, the amended motion

---

[1] The motion also sought leave to designate John Blount as a responsible third party, but relator subsequently withdrew that request.

[2] The trial court denied the original motion on September 26, 2022. We construe the mandamus petition as seeking relief solely in association with the amended motion.

2

contended the plat for the Spring Creek Ranch subdivision, including the amenity lakes, was signed by the Harris County Engineer on July 29, 2005 and warranted that the subdivision complied or will comply with all court adopted drainage requirements. An SC Ranch LP officer allegedly signed the plat on August 2, 2005. The plat contained a note placing limits on the amount of impervious cover provided by developments. The amended motion further alleged Harris County approved multiple residential construction projects on the subdivision between 2005 and October 3, 2017, which is the latest date that the motion alleges one of the two proposed responsible third parties either committed a relevant act or omitted to perform a relevant duty. The motion alleges that SC Ranch LP and Harris County are, by one means or another, at least partly responsible in association with the alleged damages the Acrees have experienced due to their property flooding.[3] On March 20, 2023, the trial court signed an order denying relator's amended motion for leave to designate SC Ranch LP and Harris County as responsible third parties. This mandamus proceeding followed.

## MANDAMUS STANDARD OF REVIEW

Generally, to be entitled to a writ of mandamus, the relator must show that the trial court clearly abused its discretion, and that the relator lacks an adequate remedy by appeal. In mandamus proceedings involving trial court denials of section 33.004(a) motions, however, normally the relator need only show an abuse of discretion by the trial court, because the denial of such a motion leaves the relator with no adequate appellate remedy. *See In re Coppola*, 535 S.W.3d 506, 510 (Tex.

---

[3] Although the Acrees have also raised claims associated with misstatements relator and other defendants have ostensibly made in association with their property, relator's amended motion appears to disclaim that SC Ranch LP and Harris County share responsibility for the alleged misstatements.

2017) (orig. proceeding) (per curiam); *In re Cordish Co.*, 617 S.W.3d 909, 913 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding [mand. denied]). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without regard to guiding legal principles or without supporting evidence. *Jay & VMK, Corp. v. Lopez*, 572 S.W.3d 698, 703 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

## ANALYSIS

The Texas proportionate responsibility statute provides a framework for apportioning percentages of responsibility in the calculation of damages for any cause of action based on tort in which more than one person or entity, including the plaintiff, is alleged to have caused or contributed to causing the harm for which the recovery of damages is sought. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 33.002(a)(1), 33.003. In accordance with this framework, the Texas Civil Practice and Remedies Code permits defendants to designate "responsible third parties," which it defines as persons who are "alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought." *Id*. §§ 33.004(a), 33.011(6). Proper designation is critical because it "enables a defendant to introduce evidence regarding a responsible third party's fault and to have the jury apportion responsibility to the third party even if that person has not been joined as a party to the lawsuit." *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam).

Relator's petition lays out how their motion was filed sufficiently in advance of trial, and contained sufficient facts to entitle it to designate SC Ranch LP and Harris County as responsible third parties, and the Acrees' response does not dispute

those points.  Further, although the record suggests the statute of limitations for claims against SC Ranch LP and Harris County had expired by the time relator sought to designate them as responsible third parties,[4] we conclude this does not bar relator's effort to designate them as responsible third parties, as the record indicates the statute of limitations for claims against those two parties would have expired no later than October 3, 2019, before the Acrees filed their lawsuit, let alone before relator had any obligation to disclose they could designate those two as responsible third parties.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(d).  However, the response includes several arguments why the trial court did not abuse its discretion by denying the motion.

First, the Acrees contend that they have mooted relator's motion altogether by limiting their claims against relator only for relator's actions and omissions occurring within two years before they filed their lawsuit.  We disagree.  Even assuming SC Ranch LP and Harris County could not be found liable in association with a narrowed scope of claims against relator, they can nevertheless be found to have "caus[ed] or contribut[ed] to cause in any way the harm for which recovery of damages is sought."   Tex. Civ. Prac. & Rem. Code Ann. § 33.003(a); *see also In re Mobile Mini, Inc.*, 596 S.W.3d 781, 787 (Tex. 2020) (internal quotation marks and citation omitted) ("[A] defendant may designate a responsible third party even though that party possesses a defense to liability, or cannot be formally joined as a defendant, or both.").  This is true despite the Acrees limiting the scope of their claims; a sufficient showing has been made that actions and omissions by SC Ranch

---

[4]  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (setting a two-year statute of limitations for "suit for trespass for injury to the estate").

LP and Harris County caused or contributed to the Acrees' claimed harm, despite their ostensibly occurring outside the limitations period.

Second, the Acrees contend mandamus is inappropriate as it would constitute a ruling on a summary judgment motion relator filed advancing a statute of limitations defense. We do not discern how concluding limitations bar claims against SC Ranch LP and Harris County would in any way bar claims against relator. We merely conclude that relator sufficiently showed that SC Ranch LP and Harris County are responsible third parties, and that relator's motion was timely and proper. Whether relator itself has made a sufficient showing that it is entitled to summary judgment on a statute of limitations defense is not before us. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 33.011(6) (encompassing as responsible third parties "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought"), *with KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999) ("A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense.").

Next, the Acrees dispute the extent to which a 2005 plat referenced by relator's petition and SC Ranch LP ostensibly no longer existing as a legal entity are relevant to assessing relator's third-party-designation request, as relator highlighted those aspects in its arguments to the trial court on this issue. We understand the Acrees' arguments here to solely dispute whether relator could properly advance its motion despite claims against SC Ranch LP and Harris County being barred by a statute of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(d). However, as the record otherwise indicates claims against those two third parties were barred by limitations at the outset of the trial court proceeding even when the

2005 plat and SC Ranch's ostensible nonexistence are disregarded, the Acrees' arguments are unpersuasive. *See In re WL & D Ventures, LLC*, No. 14-23-00413-CV, 2023 WL 4503851, at *3 (Tex. App.—Houston [14th Dist.] July 13, 2023, orig. proceeding) (mem. op.) (per curiam) (holding a motion to designate a responsible third party was timely filed, despite the expiration of the applicable limitations period, as "relators were not served with the [underlying] lawsuit until after limitations had expired").

Finally, the Acrees contend the trial court was not required to allow relator an opportunity to replead its motion's allegations before denying it. However, this argument is moot as the trial court's denial of relator's motion was itself an abuse of discretion; as the trial court should have instead granted relator's motion, there was no need for relator to be given an opportunity to amend a filing for which it could already receive relief

## CONCLUSION

We hold that relator has established the trial court abused its discretion by denying its amended motion to designate SC Ranch LP and Harris County as responsible third parties, and by declining to grant that motion. We conditionally grant relator's petition for writ of mandamus and direct the trial court to vacate its March 20, 2023 order denying relator's amended motion to designate SC Ranch LP and Harris County as responsible third parties and grant the amended motion. We are confident the trial court will act in accordance with this opinion and the writ will issue only if the court fails to comply.


PER CURIAM

7

Panel consists of Chief Justice Christopher and Justices Jewell and Spain (Spain, J., dissenting).